UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - --- - x

EUGENE JOHNSON and EVELYN HOUSER    :
on behalf of themselves and others similarly    :
situated,    :
                    Plaintiffs,    :    10 Civ. 3105 (FM)
    :
         - against -    :    **ECF Case**
    :
GARY LOCKE, Secretary, United States    :
Department of Commerce,    :
                  Defendant.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S <u>MOTION TO DISMISS THE COMPLAINT</u>

PREET BHARARA
United States Attorney for the
Southern District of New York
86 Chambers Street – 3rd Floor
New York, New York 10007
Tel:  (212) 637-2725/26
Fax: (212) 637-2717
Email: Allison.D.Penn@usdoj.gov
       Daniel.Filor@usdoj.gov

ALLISON D. PENN
DANIEL P. FILOR
Assistant United States Attorneys
    - Of Counsel -

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS ..........................................................................................2

      I.       Background..............................................................................................2

             A.      Houser's Application for Employment to the Census Bureau....................2

             B.      CHEC Procedures ........................................................................3

             C.      Houser's EEO Complaint .............................................................4

             D.      Eugene Johnson ..........................................................................5

             E.      District Court Complaint...............................................................5

ARGUMENT .........................................................................................................5

POINT I ..............................................................................................................5

THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE
TO EXHAUST ADMINISTRATIVE REMEDIES ...................................................5

             A.      Legal Standards .........................................................................5

             B.      The District Court Should Review De Novo the EEOC's Timeliness Finding.......7

             C.      Houser Failed to Exhaust Her Administrative Remedies Under Title VII .............8

             D.      Houser Had Constructive Knowledge of the Forty-Five Day
                     Time Limitation .........................................................................10

             E.      Houser is Not Entitled to Equitable Tolling or Estoppel.........................13

POINT II .............................................................................................................15

EVEN IF HOUSER HAD TIMELY EXHAUSTED HER INDIVIDUAL
ADMINISTRATIVE REMEDIES, THE COMPLAINT'S CLASS
ALLEGATIONS MUST BE DISMISSED ...............................................................15

             A.      Houser Did Not File a Class Administrative Complaint .......................15

B.      Even If Houser's EEO Complaint Had Been Filed on Behalf of a Class,
        It Would Not Encompass the Broad Class Allegations in the
        Federal Complaint.................................................................................................18

POINT III.................................................................................................................................22

JOHNSON FAILED TO EXHAUST ADMINISTRATIVE REMEDIES
AND SHOULD NOT BE PERMITTED TO "PIGGYBACK" IN
FEDERAL COURT ................................................................................................................22

        A.      Johnson Failed to File an EEO Complaint............................................................22

        B.      Johnson Cannot "Piggyback" on Houser's Individual EEO Complaint................22

CONCLUSION.......................................................................................................................25

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page**

*Ashcroft v. Iqbal,*
  556 U.S.-, 129 S. Ct. 1937, 1950 (2009) ......................................................................6

*Baldwin Cnty. Welcome Ctr.v. Brown,*
  466 U.S. 147 (1984)......................................................................................9, 10

*Belhomme v. Widnall,*
  27 F.3d 1214 (10th Cir. 1997) ......................................................................17

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)........................................................................................5

*Berry v. Florida Int'l University Bd of Trustees,*
  No. 06 Civ. 21936, 2008 WL 410129 (S.D. Fla. Feb. 12, 2008)................................12

*Boos v. Runyon,*
  201 F.3d 178 (2d Cir. 2000).......................................................................8, 13

*Briones v. United States Postal Serv.,*
  101 F.3d 287 (2d Cir. 1996).........................................................................7

*Brown v. General Services Admin.,*
  425 U.S. 820 (1976).....................................................................................8

*Brown v. Principi,*
  No. 04 Civ. 1232 (PAC), 2007 WL 959375 (S.D.N.Y. Mar. 29, 2007) ......................11

*Chambers v. Time Warner, Inc.,*
  282 F.3d 147 (2d Cir. 2002).........................................................................6

*Conteras v. Ridge,*
  305 F. Supp. 2d 126 (D.D.C. 2004) .........................................................7, 20, 21, 24

*Dangler v. New York City Off Track Betting Corp.,*
  193 F.3d 130 (2d Cir. 1999).........................................................................6

*Debose v. Fedex Corp.,*
  No. 08 Civ. 07042, 2009 WL 1542572 (S.D.N.Y. June 2, 2009)...............................21

*Dillard v. Runyon,*
  928 F. Supp. 1316 (S.D.N.Y. 1996).........................................................9, 14

*Downes v. Adams*,
  No. 81 Civ. 61, 1982 WL 31035 (E.D.N.Y. May 19, 1982)..................................15, 16

*Fausto v. Reno*,
  955 F. Supp. 286 (S.D.N.Y. 1997)...............................................................................14

*German v. Pena*,
  88 F. Supp. 2d 216 (S.D.N.Y. 2000)..........................................................9, 10, 11, 13

*Gilbert v. Tisch*,
  No. 86 Civ. 3933, 1987 WL 14908 (S.D.N.Y. July 21, 1987) ...................................12

*Girard v. Dep't of Treas.*,
  62 F.3d 1244, 62 F.3d at 1245 .....................................................................................7

*Gulley v. Orr*,
  905 F.2d 1383, 1385 (10th Cir. 1990) ........................................................................17

*Harris v. Mills*,
  572 F.3d 66 (2d Cir. 2009)............................................................................................6

*Holdmeyer v. Veneman*,
  321 F. Supp. 2d 374 (D. Conn. 2004).........................................................................14

*Holowecki v. Federal Express Corp.*,
  440 F.3d 558 (2d Cir. 2006)..........................................................................................6

*Holowecki v. Federal Express Corp.*,
  644 F. Supp. 2d 338 (S.D.N.Y. 2009)...........................................................20, 22, 23

*International Union v. Clark*,
  No. 02-1484, 2006 WL 2687005, at *6 (D.D.C. Sept. 12, 2006) ...............................17

*Irwin v. Department of Veterans Affairs*,
  498 U.S. 89 (1990).........................................................................................................9

*Johnson v. Runyon*,
  47 F.3d 911 (7th Cir. 1995) .......................................................................................12

*Judge v. Henderson*,
  172 F. Supp. 2d 410 (S.D.N.Y. 2001).........................................................................12

*Mangiafico v. Blumenthal*,
  471 F.3d 391 (2d Cir. 2006)..........................................................................................6

*Marinelli v. Chao*,
  222 F. Supp. 2d 402 (S.D.N.Y. 2002)..........................................................................11

*Marshall v. Nat'l Assoc. of Letter Carriers*,
  00 Civ. 31767 (LTS), 2003 WL 223563....................................................................7

*McClain v. Lufkin Industrial*,
  519 F.3d 264 (5th Cir. 2008) .........................................................................20, 21, 24

*McKenzie v. Principi*,
  No Civ. *A. 01-0221*, 2001 WL 1005931 (E.D. La. Aug. 29, 2001)............................17

McKnight v. Gates,
  282 Fed. Appx. 394, 2008 WL 2491626 (6th Cir. June 23, 2008) .............................16

*Miller v. International Telegraph & Telegraph Corp.*,
  755 F.2d 20 (2d Cir. 1985).......................................................................................13

*Mohasco Corp. v. Silver*,
  447 U.S. 807 (1980)................................................................................................10

*Moultrie v. Potter*,
  No. 04 Civ. 6887, 2006 WL 1495234 (S.D.N.Y. May 31, 2006)................................13

*Murphy v. West*,
  No. 98-2308, 1999 WL 64284 (4th Cir. Feb.11, 1999) ..............................................16

*National R.R. Passenger Corp. v. Morgan*,
  536 U.S. 101 (2002)..................................................................................................9

*Pavano v. Shalala*,
  95 F.3d 147 (2d Cir. 1996).......................................................................................16

*Riley v. Potter*,
  No. 08-5167, 2010 WL 125841 (D.N.J. Jan. 7, 2010)................................................17

*Rosario v. Potter*,
  07 Civ. 5891 (SCR) (GAY), 2009 WL 3049585 .......................................................11

*Rothman v. Gregor*,
  220 F.3d 81 (2d Cir. 2000)........................................................................................6

*Seitzinger v. Reading Hospital & Medical Ctr.*,
  165 F.3d 236 (3d Cir. 1999)......................................................................................10

*Sherlock v. Montefiore Medical Ctr.*,
    84 F.3d 522 (2d Cir. 1996)........................................................................................10

*Snell v. Suffolk County*,
    782 F.2d 1094 (2d Cir. 1986)..................................................................................22

*Spector v. Board of Trustees of Community-Technical Colleges*,
    No. 3:06-cv-129, 2007 WL 4800726 (D. Conn. Dec. 27, 2007) ............................... 23

*Torres v. U.S. Dep't of Veterans Affairs*,
    No. 02 Civ. 9601 (HBP), 2004 WL 691237 ....................................................9

*Ulvin v. Northwestern Nat'l Life Ins. Co.*,
    943 F.2d 862, 865-66 (8th Cir. 1991) ..................................................................20, 24

*Vuyanich v. Republic National Bank of Dallas*,
    723 F.2d 1195 (5th Cir. 1984) ...............................................................................20

## **Statutes**

42 U.S.C. §§ 2000e ........................................................................................................1

## **Regulations**

29 C.F.R. § 1614.103 ....................................................................................................8

29 C.F.R. § 1614.105 .................................................................................8, 9, 10, 11, 14

29 C.F.R. § 1614.204 ............................................................................................15, 16, 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
EUGENE JOHNSON and EVELYN HOUSER    :
on behalf of themselves and others similarly    :
situated,    :
                             Plaintiffs,    :    10 Civ. 3105 (FM)
                                         :
              - against -    :
                                         :
GARY LOCKE, Secretary, United States    :
Department of Commerce,    :
                             Defendant.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## <u>MOTION TO DISMISS THE COMPLAINT</u>

Defendant Gary Locke, Secretary of the United States Department of Commerce

("Commerce" or the "Government"), by and through his attorney, Preet Bharara, United States

Attorney for the Southern District of New York, respectfully submits this memorandum in

support of his motion to dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiffs Eugene Johnson ("Johnson") and Evelyn Houser ("Houser") (together

"plaintiffs") applied for positions with the Census Bureau ("Census Bureau"). Houser's

employment application was denied.  To date, Johnson's employment application has not been

denied.  Plaintiffs are challenging the Census Bureau's suitability investigations and decision-

making and allege, on behalf of themselves and a purported class of individuals, that the Census

Bureau's investigative practices have had a discriminatory impact on them in violation of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et seq.</u> ("Title VII").  Plaintiffs' claims,

as well as the class action claims, are barred, however, because plaintiffs failed to exhaust their

administrative remedies as required by law.  Johnson failed to file any administrative complaint whatsoever.  While Houser filed an individual administrative complaint alleging discrimination, she was untimely in complying with her administrative exhaustion requirements, which bars her individual claims, and she failed to file a class action administrative complaint at all.  Even if Houser had exhausted her administrative remedies as to her class complaint, she cannot represent the purported class because her claims are unlike the claims that she asserts on behalf of a purported class.  Specifically, plaintiffs are attempting to challenge the criteria for denying employment to applicants with criminal records.  Houser, however, was never denied employment based on those criteria.  Accordingly, for the reasons set forth more fully below, all of plaintiffs' claims should be dismissed for failure to exhaust their administrative remedies.

## STATEMENT OF FACTS[1]

I.    Background

    A.    Houser's Application for Employment to the Census Bureau

Houser applied for a temporary position at the Census Bureau in 2009.  In January of 2009, Houser tested for employment at the Philadelphia Central Early Local Census Office.  See Declaration of Kathryn H. Anderson, dated July 15, 2010 ("Anderson Decl."), Exh. 1 ("EEOC File") at USA0247.  Houser had previously worked for the Census Bureau as an enumerator and in an office job in 1990.  See Complaint, dated April 13, 2010 ("D.Ct. Compl.") ¶ 30.

---

[1] This statement draws upon the complaint filed in this action (the "Complaint") and, where indicated, upon the record of the administrative proceedings that preceded this litigation.

It was the Census Bureau's policy and practice to prominently display notices at each testing site notifying applicants of the forty-five day time limitation for seeking EEO counseling regarding any allegation of discrimination. EEOC File at USA0247. The posters clearly advised complainants of the EEO process and stated: "To preserve your rights under the law, you must contact the EEO Office within 45 CALENDAR DAYS of the date of the alleged discrimination." EEOC File at USA0249. The posters were intended to be placed in a visible location where all applicants could see them. EEOC File at USA0250-52.

B.     CHEC Procedures

All applicants for temporary Census jobs go through a pre-appointment name check against the Federal Bureau of Investigation ("FBI") Criminal Justice Information Service Division's Name Index. EEOC File at USA0264. Applicants whose personal identifiers match those contained in the FBI Name Index are given the opportunity to dispute the identification and/or to provide official court documentation concerning the disposition of any arrests. Id.; see also D.Ct. Compl. ¶¶ 4, 14, 15, 19, 20.[2] Applicants who do not properly respond within 30 days are not considered eligible for employment. D.Ct. Compl. ¶ 20; EEOC File at USA0123.

After applying for a temporary position with the Census, Houser received a 30-day letter in March 2009. D.Ct. Compl. ¶ 31. On May 21, 2009, the Census Bureau mailed Houser a letter informing her that because she failed to provide the requested information within 30 days she was no longer being considered for employment. EEOC File at USA0123. Houser

_____

[2] For purposes of this motion to dismiss, the Court is to assume the truth of facts alleged in the Complaint. Defendant nevertheless notes that many of plaintiffs' allegations are factually incorrect. By way of example, it is not correct that "all applicants with an FBI record must produce the 'official court documentation' of all arrests to remain eligible for employment." D.Ct. Compl. ¶ 14. Not every arrest triggers a 30-day letter.

acknowledged receiving the May 21, 2009 letter "sometime after Memorial Day, in late
May/early June."  EEOC File at USA0141.

    C.    <u>Houser's EEO Complaint</u>

Houser initiated contact with the EEO Office on August 10, 2009, seeking counseling.
EEOC File at USA0121-22.  On August 19, 2009, the Census Bureau issued Houser a Notice of
Right to File ("NRTF") via certified mail.  EEOC File at USA0131-37.  Houser's legal
representative acknowledged the NRTF receipt in correspondence dated August 28, 2009, and
Houser filed a formal EEO complaint on that day.  EEOC File at USA0113-15.  In her EEO
complaint, Houser alleged discrimination on the basis of her race (African-American) when the
agency denied her employment on May 21, 2009.  EEOC File at USA0116.  Houser did not file
an EEO class complaint or seek class certification during the administrative process.  <u>See</u>
Anderson Decl. at ¶ 4.

On September 29, 2009, the Census Bureau issued a Final Agency Decision ("FAD")
dismissing Houser's administrative complaint for failure to file her complaint in a timely
manner.  EEOC File at USA0203-09.  Specifically, Houser was denied employment on May 21,
2009, and allowing three days for the letter to have reached her, she knew or should have known
about the denial of employment no later than May 24, 2009.  <u>Id.</u>  "Accordingly, the deadline for
timely contact with an EEO Counselor for purposes of filing a formal EEO Complaint expired on
July 8, 2009 (45 days after May 24, 2009)."  EEOC File at USA0205-06.  The FAD also
concluded that Houser had not put forth any justifiable reason for extending the 45-day time
limit.  EEOC File at USA0206.

On October 26, 2009, Houser filed an appeal with the EEOC's Office of Federal

4

Operations ("OFO").  EEOC File at USA0226-27.  In a decision dated January 28, 2010, OFO

reversed the Census Bureau's FAD, simply noting that because Houser maintained that she did

not know about the requisite time period during that period, Houser did not have notice of the

time limits under the circumstances of this case.  EEOC File at USA0273.

> D.    Eugene Johnson

The Complaint does not allege that Eugene Johnson filed an EEO complaint or exhausted

administrative remedies.  Johnson did not file an administrative complaint with the Census

Bureau.  See Anderson Decl. at ¶¶ 6, 7.

> E.    District Court Complaint

On or about April 13, 2010, plaintiffs filed their Complaint in district court.

Plaintiffs allege that on August 28, 2009, Houser filed a "timely written Charge of

Discrimination with the Equal Employment Opportunity Office of the Department of Commerce

("EEO Office.")."  D.Ct. Compl. ¶ 12.  The Complaint makes claims and seeks relief based on a

purported class, whereas Houser's administrative claim did not.  Compare EEOC File at

USA0116 to D.Ct. Compl. ¶ 9.

## ARGUMENT

## POINT I

## THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

A.    Legal Standards

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

the complaint must "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007).  This "plausibility" standard requires the reviewing court to

accept as true all factual allegations in the complaint and to draw all reasonable inferences in plaintiff's favor, although the reviewing court need not do so as to any legal conclusions or conclusory statements.  See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  Deciding whether a complaint states a plausible claim for relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S.-, 129 S. Ct. 1937, 1950 (2009)).

On a motion to dismiss, the court may consider any facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference.  See Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir. 1999).  Additionally, a court may consider documents that the plaintiff "either possessed or knew about and upon which [he] relied in bringing . . . suit."  Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.") (internal quotations omitted); Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (recognizing that the court can consider documents on which plaintiff relied in bringing suit).

Consideration of Houser's EEO filings is proper because it is plaintiffs' burden to satisfy the administrative exhaustion requirements.  Holowecki v. Federal Express Corp., 440 F.3d 558, 565 (2d Cir. 2006) ("In reviewing the Rule 12(b)(6) ruling, it is proper for this court to consider the plaintiffs['] relevant filings with the EEOC . . ., none of which were attached to the complaint, because the Holowecki plaintiffs' [sic] rely on these documents to satisfy the

ADEA's time limit requirements."), aff'd, 552 U.S. 389 (2008); see also Marshall v. Nat'l Ass'n of Letter Carriers, No. 00 Civ. 3167 (LTS), 2003 WL 223563, at *8 n.3 (S.D.N.Y. Feb. 3, 2003) (in granting Rule 12(b)(6) motion court considered Precomplaint Counseling Form, EEO Complaint, EEO agency's final decision, and EEOC decision).

      B.      The District Court Should Review De Novo the EEOC's Timeliness Finding

This Court is not bound by the EEOC's administrative findings relating to timeliness and should review such decisions de novo. See Conteras v. Ridge, 305 F. Supp. 2d 126, 131 (D.D.C. 2004) ("When a plaintiff takes a Title VII complaint to court before an administrative agency has made a merits determination . . . the government is not bound by the EEOC's adverse finding of timeliness, and the adverse finding is not entitled to deference." (emphasis added)).

Plaintiffs likely will rely on the Second Circuit's decision in Briones v. United States Postal Serv., 101 F.3d 287, 292 (2d Cir. 1996), to argue that Defendant has waived its right to challenge plaintiffs' exhaustion of administrative remedies as untimely. Reliance on Briones is unavailing, however, because Briones is distinguishable from the instant case. In Briones, the United States Postal Service ("USPS") conducted an investigation and issued a final agency decision on the merits after the EEOC had reversed USPS's decision finding a failure to meet the 45-day deadline. See Briones,101 F.3d at 289 ("[T]he Postal Service neither appealed the EEOC's determination nor refused to proceed, but, rather, began its investigation.") (emphasis added); see also Girard v. Dep't of Treas., 62 F.3d 1244, 1247 (9th Cir. 1995), id. at 1245 (agency issued second final agency decision on the merits of the claim after reversal). Here, by contrast, the Census Bureau did not conduct an investigation or issue a final agency decision on the merits after it received the EEOC's reversal on timeliness grounds.

7

Rather, after the Census Bureau accepted the administrative complaint for investigation on February 24, 2010, <u>see</u> EEOC File at USA0301, no investigation was initiated or merit decision made.  Instead, plaintiffs instituted the present action, which, by regulation, terminated the administrative processing of Houser's administrative complaint, <u>see</u> EEOC File at USA0280. Thus, because Census did not have an opportunity to process Houser's claim before she filed in district court and therefore did not investigate the claim or issue a final agency decision on the merits, <u>Briones</u> does not control here.

For waiver purposes, the lack of an agency investigation or final agency decision on the merits in this case is critical because, unlike in <u>Briones</u>, the Government has taken no affirmative action to waive the timeliness issue.  During the course of an investigation into the merits, the agency would have the opportunity to discover additional facts relating to the timeliness and merits of the plaintiff's administrative complaint, and the agency could choose whether to press the timeliness defense or waive the defense and make a final merits determination.  Therefore, the Census Bureau has not waived its right to challenge the timeliness of Houser's administrative complaint, and this Court should review <u>de novo</u> the facts relevant to that inquiry.

C.      <u>Houser Failed to Exhaust Her Administrative Remedies Under Title VII</u>

Under Title VII, "a litigant must exhaust available administrative remedies in a timely fashion" as a prerequisite to gaining access to the federal courts.  <u>Brown v. General Services Admin.</u>, 425 U.S. 820, 832 (1976) (emphasis added).  For federal job applicants like Houser, under the governing federal EEO regulations, "prior to filing a complaint," an "aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory . . . ."  29 C.F.R. § 1614.105(a)(1); 29 C.F.R. § 1614.103; <u>see</u> <u>also</u> <u>Boos v.</u>

Runyon, 201 F.3d 178, 181 (2d Cir. 2000) (postal employee's discrimination claim barred where plaintiff failed to seek EEO counseling within forty-five days of the alleged discriminatory incident); Torres v. U.S. Dep't of Veterans Affairs, No. 02 Civ. 9601 (HBP), 2004 WL 691237, at *3-5 (S.D.N.Y. Mar. 31, 2004) (granting motion to dismiss employment discrimination claims for failure to exhaust administrative remedies where plaintiff failed to allege that she sought counseling within forty-five days of her termination); German v. Pena, 88 F. Supp. 2d 216, 219 (S.D.N.Y. 2000) (dismissing federal employee's claim of discrimination because of his failure to exhaust administrative remedies in a timely manner); Dillard v. Runyon, 928 F. Supp. 1316, 1325 (S.D.N.Y. 1996) (dismissing Title VII claim of Postal Service worker who failed to contact EEO counselor within forty-five days).  The regulation contains an exception which authorizes an agency or the EEOC to extend the 45-time limit:

> when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known [sic] that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2)**.**

"Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."  Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984); see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 94 (1990) (recognizing that time limits are "a condition to the waiver of sovereign immunity and thus must be strictly construed").  Indeed, "[i]n the context of a request to alter the timely filing requirements of Title VII, th[e Supreme] Court has stated that 'strict

9

adherence to the procedural requirements specified by the legislature is the best guarantee of an evenhanded administration of the law.'" Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002) (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)).

Houser failed to contact an EEO Counselor within 45 days of receiving the letter informing her that she was not eligible for the job.   Specifically, the Census Bureau informed Houser that she was no longer being considered for employment on May 21, 2009, yet Houser did not initiate contact with an EEO Counselor until August 10, 2009.  See EEOC File at USA0123, USA0147.  Courts presume that a federal agency's notification letter is received three days after the date shown on the notice.  See Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525-26 (2d Cir. 1996) (court will presume that "a notice provided by a government agency has been mailed on the date shown on the notice," and that "a mailed document is received three days after its mailing"); see also Baldwin Cnty. Welcome Ctr., 466 U.S. at 148 n.1; Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999).   Thus Houser should have initiated contact no later than July 8, 2009 (45 days after May 24, 2009), but instead, she waited to initiate contact until August 10, 2009, which was more than a month late (78 days after May 24, 2009).

D.     Houser Had Constructive Knowledge of the Forty-Five Day Time Limitation

Houser argued during her administrative appeal that she was unaware of the time limit for contacting an EEO counselor.[3]  See EEOC File at USA0224.  Houser's Complaint does not

---

[3] While Houser disputed having actual notice, nothing in the Complaint or the EEO file precludes a finding as a matter of law respect to constructive notice.  If Houser submits additional information, Defendant may seek to convert this motion to one for summary judgment and potentially engage in limited discovery.  German v. Pena, 88 F. Supp. 2d 216, 221 (S.D.N.Y. 2000) (granting defendant's motion for summary judgment after evidentiary hearing and

make this allegation.  But, even if it did, it would be inadequate to establish Houser's entitlement to the regulatory exception set forth in 29 C.F.R. § 1614.105(b)(2).

Houser has not disputed that Census posted the relevant EEO rights; rather she has argued that she was not aware of her rights.  See EEOC File at USA0224.  This argument is insufficient because "a plaintiff may not establish a failure to notice exception to the forty-five day time limit merely because he chose not to acquaint himself with the substance of an EEO notification."  German, 88 F. Supp. 2d at 221.  Here, the Census Bureau had a practice of prominently posting at each testing site EEO information, including the 45-day time limit for making initial EEO counselor contact.  See EEOC File at USA0247.  The posters displayed by the Census Bureau at the testing site highlighted the 45-day deadline.  EEOC File at USA0248, USA0249.  Moreover, the Census Recruiting Assistant ("RA") Manual stated that each RA should "post the EEO poster in a visible location" and "display the EEO poster where all applicants can see it," and the diagram included in the Manual illustrates how the EEO poster should be displayed in a prominent location.  EEOC File at USA0251-52.

The posting of EEO notices "have routinely been held to constitute constructive notice to employees exposed to them, in the face of which the § 1614.105(a)(2) exception is unavailable."  Brown v. Principi, No. 04 Civ. 1232 (PAC), 2007 WL 959375, at *3 (S.D.N.Y. Mar. 29, 2007).  Courts have held that such constructive notice bars claims even of plaintiffs who were not aware of the forty-five day limit.  See Rosario v. Potter, No. 07 Civ. 5891 (SCR) (GAY), 2009 WL 3049585, at *7  (S.D.N.Y. Sept. 23, 2009) (EEO posters were sufficient to give constructive notice of 45-day filing requirement); Marinelli v. Chao, 222 F. Supp. 2d 402,

---

briefing).

411-12 (S.D.N.Y. 2002) (information in EEO posters, handbook and brochure sufficient to afford constructive notice); Judge v. Henderson, 172 F. Supp. 2d 410, 414 (S.D.N.Y. 2001) (employee had constructive notice where EEO poster displayed at workplace).

Houser also had constructive notice because, from the time of Houser's application for employment until the present day, EEO information was available on the Census Bureau's website. See EEOC File at USA0253-55. The language of the EEO website and linked documents described the EEO process, including informal EEO counseling, and state that EEO contact was required within 45 days. Id. (referring to www.census.gov/eeo/); see also Berry v. Florida Int'l Univ. Bd of Trustees, No. 06 Civ. 21936, 2008 WL 410129, at *6 & n.4 (S.D. Fla. Feb. 12, 2008) (declining to apply equitable estoppel against defendant employer where plaintiff had a general knowledge of rights and opportunity to obtain additional knowledge in part through readily accessible information on EEOC's website). Finally, Houser's constructive knowledge of the forty-five day time limit is further enhanced by the fact that she had previously worked for the Census Bureau in 1990, and she was admittedly familiar with the Bureau's hiring practices. According to her Complaint, while a Census employee in 1990, Houser was "involved in hiring," including "interviewing candidates" and "speaking with job applicants on the telephone." See Compl, ¶ 30.[4]

_____

[4] In isolated instances with facts inapposite to those presented here, courts have found that applicants did not have constructive notice of the deadline for EEO counselor contact even where the federal agency posted notices. See, e.g., Gilbert v. Tisch, No. 86 Civ. 3933, 1987 WL 14908, at *3 (S.D.N.Y. July 21,1987) (finding "presence of posters at an application site can serve as constructive notice of EEOC's timing requirements," but refusing to hold "as a matter of law plaintiff was actually aware of the thirty day requirements solely by virtue of such posted notices" in light of Postal Service's "emerging pattern of not only failing to act on [his] applications, but actually losing all record of them . . ."); Johnson v. Runyon, 47 F.3d 911, 919-20 (7th Cir. 1995) (reversing grant of summary judgment for defendant USPS where applicant

12

For these reasons, the Court should find that Houser was on constructive notice of the 45-day requirement to contact an EEO counselor, and she failed to timely exhaust her administrative remedies.

E.  Houser is Not Entitled to Equitable Tolling or Estoppel

Nor can Houser avoid dismissal of her Complaint by invoking the doctrine of equitable tolling or equitable estoppel.  The Second Circuit has previously stated that the forty-five day requirement is subject to equitable tolling - but only in very narrow circumstances.  See Boos, 201 F.3d at 184.   Such tolling should be granted only in "rare and exceptional" circumstances. See Moultrie v. Potter, No. 04 Civ. 6887, 2006 WL 1495234, at *6 (S.D.N.Y. May 31, 2006); Miller v. International Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir. 1985).  Moreover, the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff."  Boos, 201 F.3d at 185.  Houser provided no evidence or argument at the administrative level concerning why she should be entitled to equitable tolling of the 45-day period.

Likewise, the doctrine of equitable estoppel does not apply to this case. "[E]quitable estoppel is raised in cases where the plaintiff knew of a potential cause of action but delayed bringing it because of the defendant's conduct." German, 88 F. Supp. 2d at 222 (citation omitted). Such conduct can include a misrepresentation by the employer regarding the length of the limitations period or an employer's assurance that it is unnecessary for the plaintiff to commence the litigation.  Id.  Houser has not alleged that Census acted in any way to induce the

---

did not spend time in administrative or personnel offices where notices were posted, and poster erroneously stated she only had thirty days to contact EEO officer, rather than forty-five days). Those cases are distinguishable from the present case, because Houser spent at least an hour in the testing site where it was Census's practice to prominently display the poster that accurately presented the EEO contact requirement, Census's website contained information regarding the EEO process and the 45-day requirement, and Houser had previously worked for the Census.

plaintiff to delay seeking EEO counseling.  See Judge, 172 F. Supp. 2d at 414.

Moreover, Houser's argument at the administrative level that she did not realize that her failure to be hired might be race discrimination until her attorney suggested it to her is not persuasive.  See EEOC File at USA0216.  The timing of Houser's subjective belief that she was discriminated against is not the event that triggers the 45-day period for purposes of 29 C.F.R. § 1614.105(a)(1).  Instead, "[t]he time period for contacting the EEO counselor begins to run from the date of the discrete employment action alleged to be discriminatory, not from the date of discovery of improper motivation."  Fausto v. Reno, 955 F. Supp. 286, 292 (S.D.N.Y. 1997) ("The law is clear that the tolling exception . . . does not apply where, as here, the complainant was aware of the adverse employment action taken against him, but was arguably unaware, until a later time, of any discriminatory animus that may have motivated the action. Once an adverse employment action is taken against a complainant, a plaintiff is on notice and has an obligation to investigate further in order to safeguard his rights.") (quotations omitted); see also Holdmeyer v. Veneman, 321 F. Supp. 2d 374, 381 (D. Conn. 2004) (dismissing claim as untimely because date when plaintiff learned that deciding official was of a different race and plaintiff developed subjective belief that he was discriminated against is not relevant triggering date for 45-day rule); Dillard v. Runyon, 928 F. Supp. 1316, 1327 (S.D.N.Y 1996) (dismissing claim under 45-day rule because plaintiff's "subjective belief" about when she was required to contact EEO counselor "does not trigger equitable tolling").

Accordingly, Houser is not entitled to any tolling of the 45-day time limit and her Complaint should be dismissed for failure to timely exhaust administrative remedies.

14

## POINT II

## EVEN IF HOUSER HAD TIMELY EXHAUSTED HER INDIVIDUAL ADMINISTRATIVE REMEDIES, THE COMPLAINT'S CLASS ALLEGATIONS MUST BE DISMISSED

A.    Houser Did Not File a Class Administrative Complaint

The allegations of the Complaint purportedly brought on behalf of a class should be dismissed because Houser's EEO charge was filed only on behalf of herself, and therefore does not exhaust the administrative remedies as required to support a class action against the government in a federal employment case.  In order for a federal employee or applicant for employment at a federal agency to institute a class action against a federal agency in district court, she must first exhaust the available administrative remedies on behalf of the class. Downes v. Adams, No. 81 Civ. 61, 1982 WL 31035 (E.D.N.Y. May 12, 1982).  Because Houser failed to raise any class claims in her individual EEO complaint and failed to move for class certification during the administrative process, the Court should dismiss the class allegations in the Complaint.

The Code of Federal Regulations provides that an "applicant who wishes to file a class complaint must seek counseling" in accordance with the federal regulations, and "may move for class certification at any reasonable point in the [administrative] process when it becomes apparent that there are class implications to the claim raised in an individual complaint."  29 C.F.R. § 1614.204(b).  The federal regulation prescribes that:

> a class complaint is a written complaint of discrimination filed on behalf of a class by the agent of the class alleging that:  (i) The class is so numerous that a consolidated complaint of the members of the class is impractical; (ii) There are questions of fact common to the class; (iii) The claims of the agent of the class are typical of the claims of the class; (iv) The agent of the class, or, if represented, the representative, will fairly and adequately protect the interests of the class.

15

29 C.F.R. § 1614.204(a)(2).  The federal regulation also prescribes that the "administrative judge shall deny class certification when the complainant has unduly delayed in moving for certification."  29 C.F.R. § 1614.204(b).

The federal regulations are designed to put the federal agency on notice of the allegedly class-wide discrimination and provide the agency with an opportunity to remedy the problem regarding the class on an informal basis.  Courts in this Circuit have thus recognized that "the appropriate place for a class claim of discrimination to be aired, at least in the first instance, is at the administrative level, and not the district court."  Downes, 1982 WL 31035 (E.D.N.Y. May 19, 1982); cf. Pavano v. Shalala, 95 F.3d 147, 150 (2d Cir. 1996) (finding when federal agency is defendant in a class action, "[p]arties are generally required to exhaust their administrative remedies, in part because of concerns for separation of powers (i.e., the need to limit judicial interference in the agency process) and the need to conserve judicial resources.").

Courts within and outside this Circuit have routinely dismissed Title VII class claims brought against federal agencies when the complainant filed an individual administrative complaint but failed to comply with 29 C.F.R. § 1614.204 by filing a class complaint at the administrative level.   See Downes, 1982 WL 31035 (dismissing class action elements of complaint and finding that "the few cases on this issue unanimously require that the class action administrative procedures be exhausted as a condition to the certification of a federal class action") (collecting cases); see also McKnight v. Gates, 282 Fed. Appx. 394, 2008 WL 2491626, at *3 (6th Cir. June 23, 2008) (affirming dismissal of ADEA claims because plaintiff was "attempt[ing] to evade EEOC requirements by transforming an individual action into a class action. . . [and] the EEOC has promulgated specific guidelines for the filing and

16

presentation of class complaints that, under [plaintiff's] reading of the 'scope of the charge' rule, would be rendered meaningless") (internal quotations omitted); Murphy v. West, No. 98-2308, 1999 WL 64284, at *3 (4th Cir. Feb.11, 1999) ("[P]rior complaints filed by individual class members and the exhaustion of individual administrative remedies are not sufficient to satisfy the exhaustion requirements for a class action suit."); Belhomme v. Widnall, 127 F.3d 1214, 1217 (10th Cir. 1997) (affirming dismissal of class claim; "[a] federal employee must exhaust his class action claim with the EEOC before raising it in federal court, and exhaustion of an individual Title VII claim is not sufficient to exhaust a class action claim.") (citing Gulley v. Orr, 905 F.2d 1383, 1385 (10th Cir. 1990)); International Union v. Clark, No. 02-1484, 2006 WL 2687005, at *6 (D.D.C. Sept. 12, 2006) (dismissing motion for class certification where proposed class representatives had not filed an administrative complaint); Riley v. Potter, No. 08-5167, 2010 WL 125841, at *3-*4 (D.N.J. Jan. 7, 2010)(dismissing class claim for failure to exhaust because individual claims do not exhaust class claims); McKenzie v. Principi, No. Civ. A. 01-0221, 2001 WL 1005931, at *1 (E.D. La. Aug. 29, 2001) (same).

Despite failing to file a class action administrative complaint, plaintiffs' federal Complaint in this Court (1) purports to sue on behalf of a sweeping class of persons who applied for employment with the United States Census Bureau, see D.Ct. Compl. ¶ 9, (2) asserts extensive class action allegations, see id. ¶¶ 50-56, and (3) seeks relief on behalf of the putative class as well as herself, see id. ¶¶ 58-70.

Accordingly, because Houser failed to exhaust administrative remedies in compliance with 29 C.F.R. § 1614.204 and during the administrative process did not put the Census Bureau on notice by filing a class action complaint or moving for class certification, the Court should

dismiss all allegations in the Complaint made on behalf of a class.

B.    Even If Houser's EEO Complaint Had Been Filed on Behalf of a Class, It Would Not Encompass the Broad Class Allegations in the Federal Complaint

Even if Houser had filed a class action administrative complaint alleging that she was pursuing her action on behalf of a class (which she indisputably did not), the scope of the class action allegations viable in this Court would have been much narrower than those included in plaintiffs' Complaint.  In plaintiffs' Complaint, the purported class is alleged to include:

> All African American, Latino, and Native American persons who applied for temporary employment with the United States Census Bureau for positions including but not limited to Census Takers (also known as Enumerators), Census Crew Leaders, Recruiting Assistants, and/or Clerks, who were sent a 30-day notice to produce official court documentation or fingerprints, for whom there is no record of conviction (excluding those with charges pending at the time of application), or who are otherwise suitable for employment based on the Census Bureau's criminal background exclusion factors, and who were not hired by the Census Bureau, between the commencement of temporary hiring for the 2010 census and the date of judgment in this action.

See D.Ct. Compl. ¶ 9.  As described in section II(A), supra, Houser did not file a class administrative complaint and only filed an individual administrative complaint.  Thus, she has broadened the allegations she seeks to assert for a class beyond her individual circumstances in several key respects.  Most importantly, her focus on all individuals who "were not hired by the Census Bureau" sweeps in a large group of people who are not like her at all because they were not hired for reasons having nothing to do with the process that allegedly impacted Houser.  In fact, her only allegations at the administrative stage revolved around her failure to provide the Census Bureau with necessary information upon which to continue processing her application for employment.  These are far narrower circumstances than what is alleged in her class Complaint to this Court.

18

Plaintiffs' Complaint asserts extremely broad class allegations that have no correlation to Houser's experience or allegations in her individual administrative complaint. As established in her EEO file, Houser's application for employment at Census was rejected because she untimely and improperly responded to the 30-day letter sent to her on May 21, 2009. See EEOC File at USA0123. In plaintiffs' Complaint, the class action allegations include putative members of the class who (1) "were deterred from complying with the 30-day letter and did not respond to it" or (2) "responded to the 30-day letter (regardless of whether the response was ultimately deemed adequate or timely), and who were denied employment or have not been given a final response to their application." See D.Ct. Compl. ¶ 50. This broad allegation includes several categories of applicants who are not similarly situated to Houser: (i) people who did not respond to a 30-day letter; (ii) people who timely and adequately responded to the 30-day letter and were denied employment based on Census's adjudication process, which found their criminal history records rendered them inappropriate for employment; (iii) people who timely and adequately responded to the 30-day letter but who have not been finally adjudicated by Census's adjudication process; and (iv) people who timely and adequately responded to the 30-day letter but who have not received a determination regarding their application of employment, including because they were found eligible for employment by Census's adjudication process but who remain in a large pool of eligible applicants who have not been selected for employment. Ms. Houser's suitability for employment with the decennial census based on her criminal record has never been adjudicated, yet she is attempting to represent those whose applications and criminal records were in fact reviewed and who were not hired. She was not selected for employment because she never progressed beyond the 30-day letter process due to her untimely and incorrect response to the

19

30-day letter.  See EEOC File at USA0123.  Accordingly, Houser never progressed to the stage where Census made an active decision on her application or utilized the adjudication criteria to deny her employment.  Neither Houser's experience, nor her individual administrative complaint, reasonably relates to the above four categories of applicants.  Therefore, based on Houser's administrative charge, the agency would not have been put on notice and therefore could not "reasonably have investigated" any of these categories of applicants' allegations of discrimination.

Accordingly, such claims would be subject to dismissal even had Houser filed a class administrative complaint rather than an individual complaint.  See McClain v. Lufkin Indus., 519 F.3d 264, 275 (5th Cir. 2008) (dismissing class claims for discriminatory assignment of new Foundry division employees because "EEOC would not reasonably have investigated" such claims based on administrative charges); Ulvin v. Northwestern Nat'l Life Ins. Co., 943 F.2d 862, 865-66 (8th Cir. 1991) (affirming dismissal of discrimination claims of early retirees, holding claims beyond scope of named plaintiff's class-wide EEOC charge regarding demotion and termination based on age discrimination, such that filed EEOC charge would not alert employer to early retirees' claims); Vuyanich v. Republic Nat'l Bank of Dallas, 723 F.2d 1195, 1200 (5th Cir. 1984) (finding plaintiffs lacked standing to assert broad class claims because named plaintiff "cannot bootstrap the court's jurisdiction to encompass claims regarding practices broader than the hiring and termination claims properly assertable by the named plaintiffs"); Contrares v. Ridge, 305 F. Supp. 2d 126, 134 (D.D.C. 2004) (dismissing class claims of harassment/hostile work environment and foreign language proficiency awards which, unlike other class claims, had not been administratively exhausted); cf. Holowecki v. Federal Express

Corp., 644 F. Supp. 2d 338, 350-51 (S.D.N.Y. 2009) (dismissing certain plaintiffs' allegations and denying "piggybacking of claims where they did not arise out of similar discriminatory treatment in the same time frame); Debose v. Fedex Corp., No. 08 Civ. 07042, 2009 WL 1542572, at *1-*2 (S.D.N.Y. June 2, 2009) (dismissing class claims where administrative charges were "highly individualized" and defendant could not reasonably have been alerted to possibility that other suffered similar discrimination).

        Plaintiffs' Complaint raises issues that were not addressed in Houser's EEO complaint and so would not reasonably have been investigated by the Census Bureau.  Specifically, plaintiffs' Complaint alleges that compliance with the 30-day letter was impossible for many applicants whose records were expunged or sealed, see D.Ct. Compl. ¶ 42, and unduly burdensome for other applicants who are unfamiliar with how to obtain their court records, D.Ct. Compl. ¶ 43-44.  These allegations are significantly different from those raised in Houser's administrative complaint, and from the facts that form the basis for that complaint, and potentially create new classes of individuals whose claims bear little resemblance to Houser's. Additionally, Houser's administrative complaint made no references to any impact on Latino or Native Americans allegedly caused by the Census's procedures.  Her administrative complaint could not have put the defendant on notice that any practice had a disparate impact on those groups.  Therefore, even had Houser filed a class administrative complaint, all of these purported class claims should still be dismissed.  See McClain, 519 F.3d at 275; Ulvin, 943 F.2d at 865-66; Contrares, 305 F. Supp. 2d at 134.

## POINT III

## JOHNSON FAILED TO EXHAUST ADMINISTRATIVE REMEDIES AND SHOULD NOT BE PERMITTED TO "PIGGYBACK" IN FEDERAL COURT

A.    <u>Johnson Failed to File an EEO Complaint</u>

There can be no dispute that Johnson failed to contact an EEO counselor or file an

administrative complaint alleging discrimination against Census.  The Complaint in this action

does not allege that Johnson exhausted his administrative remedies, and the agency's files do not

reflect any administrative filing by Johnson.  <u>See</u> Anderson Dec. ¶¶ 5, 6.  Indeed, Johnson's

application for employment with Census was never rejected.  <u>See</u> D.Ct. Compl. ¶ 28.

Accordingly, unlike Houser, there has been no agency decision denying Johnson's application

for employment.

B.    <u>Johnson Cannot "Piggyback" on Houser's Individual EEO Complaint</u>

Plaintiffs may argue that Johnson's claims should be allowed to proceed despite his

failure to exhaust his administrative remedies because he should be permitted to "piggyback" on

the EEO charge filed by Houser.  While a plaintiff may take advantage of the "single filing rule"

in certain circumstances, it is only appropriate when the piggybacking plaintiff's "individual

claims arise out of similar discriminatory treatment in the same time frame" as the plaintiff who

timely exhausted their administrative remedies.  <u>Holowecki</u>, 644 F. Supp. 2d at 350 (quoting

<u>Snell v. Suffolk County</u>, 782 F.2d 1094, 1100 (2d Cir. 1986)).

First, Johnson cannot piggyback on Houser's case because Houser herself did not file a

timely administrative complaint.  <u>See</u> Point I, <u>supra</u>.  In addition, Johnson cannot satisfy the

single filing rule because, unlike Houser, his application for employment was not rejected by

Census.  <u>See</u> D.Ct. Compl. ¶ 28.  As described in Point II(B), <u>supra</u>, Houser's application for

employment was rejected because she failed to respond timely and properly to Census's 30-day

letter.  Johnson, on the other hand, did timely respond to Census's 30-day letter, see D.Ct.

Compl. ¶ 27, and he has not been rejected for employment.  See D.Ct. Compl. ¶ 28.

Accordingly, Johnson's claims are unrelated to the claims brought by Houser and cannot be

deemed to "arise out of similar discriminatory treatment."  See Holowecki, 644 F. Supp. 2d at

350-51 (dismissing piggybacking plaintiffs' claims finding they were "not 'sufficiently similar'

to the facts underlying many of the named plaintiffs' claims"); see also Spector v. Bd. of

Trustees of Community-Technical Colleges, No. 3:06-cv-129, 2007 WL 4800726, at *11 (D.

Conn. Dec. 27, 2007) (rejecting single filing rule where filing plaintiff's and piggybacking

plaintiff's "claims share some events in common, [but] the factual basis of their complaints are

more different than alike").  Indeed, Johnson's successful submission of a 30-day letter and the

fact that his application was not rejected makes his claim unlike even the purported class claim,

which asserts that minority applicants disproportionately were either deterred from responding to

the 30-day letters or excluded from employment based on the eligibility criteria.

 In Holowecki, the plaintiff who had exhausted administrative remedies complained of

age discrimination, which resulted from his employer's compensation system (BPP) and program

of "Minimal Acceptable Performance Standards" ("MAPS"). Id. at 343.  On summary judgment

the court dismissed several plaintiffs who failed to exhaust, holding they could not piggyback on

the exhausted claim because their claims did not "arise out of similar discriminatory treatment."

Id. at 351 (concluding that several other employees' age discrimination complaints did not

involve failure to meet BPP and MAPS requirements, and some specifically related instead to the

company's medical leave policy).  Likewise here, Johnson and Houser's claims arise out of

entirely different facts: Census rejected Houser's application because she did not properly respond to the 30-day letter, see D.Ct. Compl. ¶ 32, while Johnson has never been denied employment.   Because plaintiffs' grievances are the consequences of different actions taken by Census, Johnson should not be permitted to "piggyback" on Houser's complaint.

McClain v. Lufkin Industries, Inc., 519 F.3d 264, 275 (5th Cir. 2008) is also instructive. In McClain, a class action suit alleging that Lufkin Industries discriminated on the basis of race, the Court vacated a damages and injunctive relief award based on assignments to the Foundry division of the company, where neither of the individual plaintiffs had worked in the Foundry division and neither plaintiff could or did complain to the EEOC about the division's hiring practices.  Id.  Because of these facts, the Court was "persuaded that the EEOC would not reasonably have investigated discriminatory assignment of new Foundry division employees based on either McClaim or Thomas's charge."  Id.   The Court also noted that case law "raises considerable doubt that McClain and Thomas would have had standing to assert the class hiring claims of Foundry division workers."  Id., n.2.

Likewise here, Houser failed to properly respond to the allegedly discriminatory 30-day letter, whereas Johnson properly responded and has not been deemed ineligible for hire.  Because the facts underlying their claims are so different, Johnson should not be permitted to piggyback on Houser's claim.   See also Ulvin v. Northwestern Nat'l Life Ins. Co., 943 F.2d 862, 865-66 (8th Cir. 1991) (dismissing some plaintiffs' age discrimination claims made by early retirees as beyond scope of named plaintiff's class-wide EEOC age discrimination charges where class plaintiff had not yet become eligible for retirement); Contrares, 305 F. Supp. 2d at 134 (dismissing claims of harassment/hostile work environment and foreign language proficiency

awards).   For these reasons, all of Johnson's claims in the Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant its

motion to dismiss plaintiffs' Complaint in its entirety.

Dated: New York, New York
       July 16, 2010

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for Defendant


By:          ALLISON D. PENN
             DANIEL P. FILOR
             Assistant United States Attorneys
             86 Chambers Street
             New York, New York 10007
             Tel.: (212) 637-2725/26
             Fax:  (212) 637-2730

25