UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

EUGENE JOHNSON, EVELYN HOUSER,       :
SANDRA ANDERSON, ANTHONY       :
GONZALEZ, IGNACIO RIESCO, PRECIOUS       :
DANIELS, and FELICIA RICKETT-SAMUELS       :
on behalf of themselves and all others similarly       :
situated,       :
                     Plaintiffs,       :        10 Civ. 3105 (FM)
      :
       - against -       :        ECF Case
      :
GARY LOCKE, Secretary, United States       :
Department of Commerce,       :
                   Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

PREET BHARARA
United States Attorney for the
Southern District of New York
86 Chambers Street – 3rd Floor
New York, New York 10007
Tel: (212) 637-2726
Fax: (212) 637-2717
Email: Daniel.Filor@usdoj.gov

ALLISON D. PENN
DANIEL P. FILOR
TARA LAMORTE
Assistant United States Attorneys
     - Of Counsel -

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS .......................................................................................2

    A.    Background Regarding the Census Bureau ............................................2

    B.    Houser's Application for Employment to the Census Bureau..............4

    C.    Houser's EEO Complaint ......................................................................5

    D.    Rickett-Samuels' Employment Application and EEO Complaint..........6

    E.    The Remaining Five Named Plaintiffs ................................................6

    F.    District Court Complaints......................................................................7

ARGUMENT ...........................................................................................................8

POINT I    THE COURT SHOULD DISMISS THE INDIVIDUAL PLAINTIFFS'
    CLAIMS FOR FAILURE TO EXHAUST ADMINISTRATIVE
    REMEDIES ...........................................................................................8

    A.    Legal Standards ...................................................................................8

    B.    Plaintiffs Failed Properly to Exhaust Their Administrative
    Remedies Under Title VII....................................................................9

    C.    Houser and Rickett-Samuels Had Constructive Knowledge of the
    Forty-Five Day Time Limitation ........................................................12

    D.    Houser and Rickett-Samuels Are Not Entitled to Equitable Tolling
    or Estoppel .........................................................................................15

    E.    The District Court Should Review De Novo the EEOC's Timeliness
    Finding Relating to Houser's Administrative Complaint and Then Dismiss
    Her Complaint......................................................................................17

    F.    Rickett-Samuels' Complaint Must Also Be Dismissed Because She
    Failed to Allow the Administrative Process 180 Days Prior to Filing in
    District Court. .....................................................................................19

POINT II      THE COMPLAINT'S CLASS ALLEGATIONS MUST BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES ..................19

     A.    Federal Employees Must Follow a Unique Class Complaint Process that is Fundamentally Different from the Private Sector Class Complaint Process.........19

     B.    None of Plaintiffs Properly Exhausted a Class Administrative Complaint ...........20

     C.    Even If Either EEO Complaint Had Been Timely Filed on Behalf of a Class, It Could Not Support the Broad Class Allegations in the Federal Complaint......24

POINT III     THE OTHER FIVE PLAINTIFFS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES AND SHOULD NOT BE PERMITTED TO "PIGGYBACK" INTO FEDERAL COURT ..........................28

     A.    The Other Plaintiffs Failed to File Any EEO Complaints ......................................28

     B.    Plaintiffs Cannot "Piggyback" on the Filed EEO Complaints...............................28

CONCLUSION..............................................................................................................................32

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
    556 U.S.-, 129 S. Ct. 1937 (2009) ........................................................................8

*Baldwin Cnty. Welcome Ctr. v. Brown*,
    466 U.S. 147 (1984).............................................................................11, 12

*Barber v. Potter*,
    No.3:04CV1198, 2005 WL 2481487 (D. Conn. Sep. 30, 2005).................................19

*Berry v. Florida International University Bd of Trustees*,
    No. 06 Civ. 21936, 2008 WL 410129 (S.D. Fla. Feb. 12, 2008)................................14

*Belhomme v. Widnall*,
    127 F.3d 1214 (10th Cir. 1997) ..............................................................23

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................8

*Boos v. Runyon*,
    201 F.3d 178 (2d Cir. 2000)...............................................................10, 15

*Briones v. Runyon*,
    101 F.3d 287 (2d Cir. 1996)........................................................................17

*Brown v. General Services Admin.*,
    425 U.S. 820 (1976)...............................................................................10

*Brown v. Principi*,
    No. 04 Civ. 1232 (PAC), 2007 WL 959375 (S.D.N.Y. Mar. 29, 2007)....................13

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002).................................................................2, 9

*Conteras v. Ridge*,
    305 F. Supp. 2d 126 (D.D.C. 2004) .................................................17, 27, 32

*Dangler v. New York City Off Track Betting Corp.*,
    193 F.3d 130 (2d Cir. 1999).....................................................................9

*Debose v. Fedex Corp.*,
    No. 08 Civ. 07042, 2009 WL 1542572 (S.D.N.Y. June 2, 2009)...............................27

*Dillard v. Runyon*,
    928 F. Supp. 1316 (S.D.N.Y. 1996)................................................................10, 16

*Downes v. Adams*,
    No. 81 Civ. 61, 1982 WL 31035 (E.D.N.Y. May 12, 1982)..............................21, 22

*Fausto v. Reno*,
    955 F. Supp. 286 (S.D.N.Y. 1997) ..............................................................16

*German v. Pena*,
    88 F. Supp. 2d 216 (S.D.N.Y. 2000)................................................10, 12, 13, 16

*Gilbert v. Tisch*,
    No. 86 Civ. 3933, 1987 WL 14908 (S.D.N.Y. July 21,1987) ..............................14

*Girard v. Department of Treas.*,
    62 F.3d 1244 (9th Cir. 1995) ....................................................................17

*Gulley v. Orr*,
    905 F.2d 1383 (10th Cir. 1990) .................................................................23

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009).........................................................................8

*Holdmeyer v. Veneman*,
    321 F. Supp. 2d 374 (D. Conn. 2004)..........................................................16

*Holowecki v. Federal Express Corp.*,
    440 F.3d 558 (2d Cir. 2006).......................................................................9

*Holowecki v. Federal Express Corp.*,
    644 F. Supp. 2d 338 (S.D.N.Y. 2009)...............................................27, 28, 29

*International Union v. Clark*,
    No. 02-1484, 2006 WL 2687005 (D.D.C. Sept. 12, 2006) ...............................23

*Irwin v. Department of Veterans Affairs*,
    498 U.S. 89 (1990)..................................................................................11

*Johnson v. Runyon*,
    47 F.3d 911 (7th Cir. 1995) ......................................................................15

*Judge v. Henderson*,
    172 F. Supp. 2d 410 (S.D.N.Y. 2001)....................................................14, 16

*Mangiafico v. Blumenthal*,
  471 F.3d 391 (2d Cir. 2006)..................................................................9

*Marinelli v. Chao*,
  222 F. Supp. 2d 402 (S.D.N.Y. 2002).................................................14

*Marshall v. Nat'l Ass'n of Letter Carriers*,
  No. 00 Civ. 3167 (LTS), 2003 WL 223563 (S.D.N.Y. Feb. 3, 2003) ..........9

*McClain v. Lufkin Industrial*,
  519 F.3d 264 (5th Cir. 2008) .......................................................27, 31

*McKenzie v. Principi*,
  *Number Civ. A. 01-0221*, 2001 WL 1005931 (E.D. La. Aug. 29, 2001)............23

*McKnight v. Gates*,
  282 Fed. Appx. 394, 2008 WL 2491626 (6th Cir. June 23, 2008) ............22

*Miller v. International Telegraph & Telegraph Corp.*,
  755 F.2d 20 (2d Cir. 1985)...................................................................15

*Mohasco Corp. v. Silver*,
  447 U.S. 807 (1980)............................................................................11

*Moultrie v. Potter*,
  No. 04 Civ. 6887, 2006 WL 1495234 (S.D.N.Y. May 31, 2006)..............15

*Murphy v. West*,
  No. 98-2308, 1999 WL 64284 (4th Cir. Feb.11, 1999) .........................23

*National R.R. Passenger Corp. v. Morgan*,
  536 U.S. 101 (2002)............................................................................11

*Pavano v. Shalala*,
  95 F.3d 147 (2d Cir. 1996)..................................................................22

*Phillips v. Widnall*,
  79 F. Supp. 2d 1265 (D.N.M. 1999) .....................................................19

*Riley v. Potter*,
  No. 08-5167, 2010 WL 125841 (D.N.J. Jan. 7, 2010)..........................23

*Rosario v. Potter*, No. 07 Civ. 5891 (SCR) (GAY),
  2009 WL 3049585 (S.D.N.Y. Sept. 23, 2009).....................................13

*Rothman v. Gregor,*
    220 F.3d 81 (2d Cir. 2000)......................................................................9

*Seitzinger v. Reading Hospital & Medical Ctr.,*
    165 F.3d 236 (3d Cir. 1999)...............................................................12

*Sherlock v. Montefiore Medical Ctr.,*
    84 F.3d 522 (2d Cir. 1996)..................................................................11

*Snell v. Suffolk County,*
    782 F.2d 1094 (2d Cir. 1986)..............................................................28

*Spector v. Board of Trustees of Community-Technical Colleges,*
    No. 3:06-cv-129, 2007 WL 4800726 (D. Conn. Dec. 27, 2007) ...............29

*Torres v. U.S. Dep't of Veterans Affairs,*
    No. 02 Civ. 9601 (HBP), 2004 WL 691237 (S.D.N.Y. Mar. 31, 2004) ..................10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007)............................................................................2

*Ulvin v. Northwestern National Life Insurance Co.,*
    943 F.2d 862 (8th Cir. 1991) ........................................................27, 31

*Vuyanich v. Republic National Bank of Dallas,*
    723 F.2d 1195 (5th Cir. 1984) ............................................................27

## FEDERAL STATUTES, REGULATIONS, AND RULES

42 U.S.C. §§ 2000e .................................................................................1

29 C.F.R. § 1614.103 ..............................................................................10

29 C.F.R. § 1614.105 ...........................................................10, 13, 16, 19

29 C.F.R. § 1614.107 .......................................................................19, 20

29 C.F.R. § 1614.108 ..............................................................................19

29 C.F.R. § 1614.109 ..............................................................................20

29 C.F.R. § 1614.110 ..............................................................................19

29 C.F.R. § 1614.204 ...............................................................20, 21, 22, 23

29 C.F.R. § 1614.407 ................................................................................................19

Fed. R. Civ. P. 12(b)(6) ..................................................................................1, 2, 8, 9

Defendant Gary Locke, Secretary of the United States Department of Commerce ("Commerce" or the "Government"), by and through his attorney, Preet Bharara, United States Attorney for the Southern District of New York, respectfully submits this memorandum in support of his motion to dismiss plaintiffs' First Amended Class Action Complaint (the "Complaint"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiffs Eugene Johnson ("Johnson"), Evelyn Houser ("Houser"), Sandra Anderson ("Anderson"), Anthony Gonzalez ("Gonzalez"), Ignacio Riesco ("Riesco"), Precious Daniels ("Daniels"), and Felicia Rickett-Samuels ("Rickett-Samuels") (collectively, "plaintiffs") applied for positions with the United States Census Bureau.  The employment applications submitted by Houser, Anderson, Daniels, and Rickett-Samuels were denied, but the applications from Johnson, Gonzalez, and Riesco were not.  Plaintiffs are challenging various aspects of the Census Bureau's suitability investigations and decision-making and allege, on behalf of themselves and a purported class of individuals, that the Census Bureau's investigative practices have had a discriminatory impact on them in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII").

Plaintiffs' claims, as well as the class action claims, are barred, however, because plaintiffs failed to exhaust their administrative remedies as required by law.  Johnson, Anderson, Gonzalez, Riesco, and Daniels failed to file any administrative complaints whatsoever, and therefore their claims should be dismissed.  While two plaintiffs – Houser and Rickett-Samuels – did file administrative complaints alleging discrimination, they were untimely in complying with the administrative exhaustion requirements and their claims are therefore barred; Houser also failed to raise any class claims administratively, as is required in Title VII cases against the

federal government.  Finally, even if Houser or Rickett-Samuels had properly exhausted their

administrative remedies as to themselves or any class of plaintiffs, they cannot represent the

purported class because their claims are unlike the varied and diverse claims that they seek to

assert on behalf of the broad, purported class.  Accordingly, for the reasons set forth more fully

below, all of plaintiffs' claims should be dismissed for failure to exhaust their administrative

remedies.

## STATEMENT OF FACTS[1]

A.   <u>Background Regarding the Census Bureau[2]</u>

The Department of Commerce is in the Executive Branch of the Federal Government and

consists of a number of bureaus, one of which is the United States Census Bureau ("Census

Bureau").  The Census Bureau is the leading source of demographic data about the United States.

Its data is used to apportion Congressional seats; to make decisions about what community

services to provide; and to distribute more than $400 billion annually in federal funds to local,

state, and tribal governments.  <u>See</u> NRFU Fact Sheet at 1.  Every ten years the Census Bureau

---

[1] This statement draws primarily upon the Complaint filed in this action and, where
indicated, upon the records in the administrative proceedings that preceded this litigation.  For
purposes of this motion, the Court is to assume the truth of facts alleged in the Complaint.
Defendant nevertheless notes that the Government disputes the accuracy of many of the
Complaint's factual allegations, and we do not concede their veracity by referencing any of them
in this motion.

[2] The Government requests the Court to take judicial notice of the background facts
regarding the Census Bureau which can be publicly found at the following websites:
www.2010.census.gov/news/pdf/EPK_NRFU_FINAL ("NRFU Fact Sheet"); and
www.2010.census.gov/news/press-kits/one-year-out/address-canvasing/address-canvassing-
facts-statistics.html ("ADCAN Fact Sheet").  <u>See</u> <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>,
551 U.S. 308, 322 (2007) (finding that courts may take judicial notice of matters on a motion to
dismiss under Fed. R. Civ. P. 12(b)(6)); <u>see also</u> <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147,
153 (2d Cir. 2002) (same).

conducts the constitutionally mandated Census of Housing and Population, known as the decennial. Id.

The decennial census is conducted over a two-year period. Its two largest field operations, Address Canvassing and Nonresponse Follow Up, involved, respectively, verifying and mapping the addresses and locations of every residence in the United States prior to mailing the census questionnaires to approximately 130 million households and conducting in-person interviews of the 47 million households that did not return questionnaires. See ADCAN Fact Sheet; NRFU Fact Sheet at 1.

Between 2009 and 2010 more than 3 million individuals applied for more than a million positions for Address Canvassing, Nonresponse Followup and the more limited operations, like Group Quarter Verification , Leave/Update, and Group Quarter Enumeration, that were conducted throughout the two-year period. Complaint, dated August 5, 2010 ("Compl.") ¶¶ 1, 2; NRFU Fact Sheet at 4; ADCAN Fact Sheet.

All applicants for temporary Census jobs go through a pre-appointment name check against the Federal Bureau of Investigation ("FBI") Criminal Justice Information Service Division's Name Index for criminal history records. See Declaration of Kathryn H. Anderson, dated July 15, 2010 ("Anderson Decl."), Exh. 1 ("Houser EEO File") at USA0264. As plaintiffs acknowledge, and as the Census Bureau assured the American public, public safety and the need for data integrity demanded a thorough and diligent search of applicants' criminal backgrounds. Compl. ¶ 6; NRFU Fact Sheet at 3; ADCAN Fact Sheet.

Applicants whose personal identifiers match those contained in the FBI Name Index are given the opportunity by Census to dispute the identification and/or to provide official court

3

documentation concerning the disposition of any arrests.  Id.; see also Compl.  ¶ 11.  The letter

clearly explains the procedure for applicants who believe they have been falsely identified: "[i]f

you wish to dispute the identity of the arrest record in question, you may provide a set of original

fingerprints."  Compl. Exh. A.  The letter also clearly explained the procedure for applicants who

believed that their criminal history had been positively resolved: "[i]f you do not dispute the

identity of the arrest record in question, provide OFFICIAL COURT documentation on any and

all arrest(s) and/or conviction(s) in your past."  Id.  Applicants who do not properly respond to

the Census Bureau's letter within approximately 30 days (the "30-day letter") are not considered

eligible for employment.  Compl. ¶ 15; Houser EEO File at USA0123.

        B.      Houser's Application for Employment to the Census Bureau

     Houser applied for a temporary Decennial position with the Census Bureau in 2009.  In

January of 2009, Houser tested for employment at the Philadelphia Central Early Local Census

Office.  See Houser EEO File at USA0247.  Houser had previously worked as a Decennial

employee for the Census Bureau as an enumerator and in an office job in 1990.  See Compl.

¶ 54.

     It was the Census Bureau's policy and practice to prominently display notices at each

testing site notifying applicants of the forty-five day time limitation for seeking EEO counseling

regarding any allegation of discrimination.  Houser EEO File at USA0247.  The posters clearly

advised complainants of the EEO process and stated: "To preserve your rights under the law, you

must contact the EEO Office within 45 CALENDAR DAYS of the date of the alleged

discrimination."  Id. at USA0249.  The posters were intended to be placed in a visible location

where all applicants could see them.  Id. at USA0250-52.

<div align="center">4</div>

After applying for a temporary position with the Census, Houser received a 30-day letter in March 2009. Compl. ¶ 55. Houser failed to comply with the instructions given in the letter: instead of providing the Census Bureau with information regarding her prior conviction, she submitted her fingerprints, which, according to the instructions, is done only to contest the fact that the arrest record properly identified her. Id.; Compl. Exh. A. On May 21, 2009, the Census Bureau mailed Houser a letter informing her that because she failed to provide the requested information within 30 days she was no longer being considered for employment. Houser EEO File at USA0123. Houser acknowledged receiving the May 21, 2009 letter "sometime after Memorial Day, in late May/early June." Id. at USA0141.

C.     Houser's EEO Complaint

Houser initiated contact with the EEO Office on August 10, 2009, seeking counseling. Houser EEO File at USA0121-22. On August 19, 2009, the Census Bureau issued Houser a Notice of Right to File ("NRTF") via certified mail. Id. at USA0131-37. Houser's legal representative acknowledged the NRTF receipt in correspondence dated August 28, 2009, and Houser filed a formal EEO complaint on that day. Id. at USA0113-15. In her EEO complaint, Houser alleged discrimination on the basis of her race (African-American) when the agency denied her employment on May 21, 2009. Id. at USA0116. Houser never filed an EEO class complaint or sought class certification during the administrative process. See Anderson Decl. at ¶ 4.

On September 29, 2009, the Census Bureau issued a Final Agency Decision ("FAD") dismissing Houser's administrative complaint for failure to file her complaint in a timely manner. Houser EEO File at USA0203-09. Specifically, Houser was denied employment on

5

May 21, 2009, and allowing three days for the letter to have reached her, she knew or should have known about the denial of employment no later than May 24, 2009.  Id.  "Accordingly, the deadline for timely contact with an EEO Counselor for purposes of filing a formal EEO Complaint expired on July 8, 2009 (45 days after May 24, 2009)."  Id. at USA0205-06.  The FAD also concluded that Houser had not put forth any justifiable reason for extending the 45-day time limit.  Id. at USA0206.

On October 26, 2009, Houser filed an appeal with the EEOC's Office of Federal Operations ("OFO").  Id. at USA0226-27.  In a decision dated January 28, 2010, OFO reversed the Census Bureau's FAD, simply noting, based on Houser's assertion that she did not know about the applicable filing deadline during that period, that Houser did not have notice of the time limits under the circumstances of this case.  Id. at USA0273-76.

D.    Rickett-Samuels' Employment Application and EEO Complaint

Rickett-Samuels applied to the Census Bureau in Stamford, Connecticut, in January 2009.  Compl. ¶ 71.  In March 2009, she received a 30-day letter from the Census Bureau.  Id. at ¶ 72.  In response, she sent Census a copy of a certificate of good conduct, which identified three past felony convictions.  Id. at ¶¶ 71-72.  Approximately one week later, she received a letter from Census denying her employment application.  Id. at ¶ 73.

Rickett-Samuels then waited approximately 330 days to file her EEO complaint. Specifically, although Rickett-Samuels received a letter rejecting her employment application in or about April 2009, she did not contact an EEO counselor to complain about her rejection until ten months later, in February 2010.  See Supplemental Declaration of Kathryn H. Anderson, dated September 10, 2010 ("Supp. Anderson Decl."), Exh. 1 ("Samuels EEO File") at USA1130-

6

31, 1160, 1169, 1185.  Rickett-Samuels filed an administrative complaint alleging discrimination based on her April 2009 rejection on March 30, 2010.  Id. at USA1127-34.

E.      The Remaining Five Named Plaintiffs

The Complaint does not allege that Johnson, Anderson, Gonzalez, Riesco, or Daniels filed any EEO complaints or exhausted their administrative remedies.  Indeed, none of these five additional named plaintiffs filed an administrative complaint with the Census Bureau, so this action is the first time the Census Bureau learned of their complaints.  See Anderson Decl. at ¶¶ 6, 7; Supp. Anderson Decl. ¶¶ 4,5.

Three of the plaintiffs were never even deemed unsuitable for employment with the Census Bureau.  Plaintiff Johnson was actually found suitable and placed on Census' eligibility list after responding to the 30-day letter.  See Compl. ¶¶ 51-52.  The Census Bureau has not made a suitability decision for plaintiffs Gonzalez or Riesco.  Id. ¶¶ 77-78 (Gonzalez was not rejected after supplying facts in response to 30-day letter); id. ¶ 89 (Riesco responded to 30-day letter and has not been rejected for employment).

Daniels was arrested in November 2009, three months before she received a 30-day letter.  Id. ¶¶ 67, 84.  Anderson was convicted of driving under the influence in 2007.  Id. ¶¶ 65-66.

F.      District Court Complaints

On or about April 13, 2010, the two original plaintiffs, Houser and Johnson, filed their original complaint in district court.  On July 16, 2010, the Government filed its motion to dismiss the complaint for failure to exhaust administrative remedies.

On or about August 5, 2010, after plaintiffs received Defendant's motion to dismiss,

plaintiffs filed an amended complaint that added five new plaintiffs.  Plaintiffs allege that on

August 28, 2009, Houser filed a "timely written Charge of Discrimination with the Equal

Employment Opportunity Office of the Department of Commerce ("EEO Office.")."  Compl. ¶

36.  The Complaint makes claims and seeks relief based on a purported class, whereas Houser's

administrative claim did not.  Compare Houser EEO File at USA0116 to Compl. ¶ 33.

On the Government here again moves to dismiss the Complaint because none of the

plaintiffs has properly exhausted his or her administrative remedies.

<div align="center">

**ARGUMENT**

**POINT I**

**THE COURT SHOULD DISMISS THE INDIVIDUAL PLAINTIFFS' CLAIMS
FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

</div>

A.  Legal Standards

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

the complaint must "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007).  This "plausibility" standard requires the reviewing court to

accept as true all factual allegations in the complaint and to draw all reasonable inferences in

plaintiff's favor, although the reviewing court need not do so as to any legal conclusions or

conclusory statements.  See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  Deciding whether a

complaint states a plausible claim for relief is "'a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense.'"  Id. (quoting Ashcroft v.

Iqbal, 556 U.S.-, 129 S. Ct. 1937, 1950 (2009)).

On a motion to dismiss, the court may consider any facts stated in the complaint,

<div align="center">

8

</div>

documents attached to the complaint as exhibits, and documents incorporated by reference.  See

Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir. 1999).

Additionally, a court may consider documents that the plaintiff "either possessed or knew about

and upon which [he] relied in bringing . . . suit." Rothman v. Gregor, 220 F.3d 81, 88-89 (2d

Cir. 2000); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) ("Even

where a document is not incorporated by reference, the court may nevertheless consider it where

the complaint relies heavily upon its terms and effect, which renders the document integral to the

complaint.") (internal quotations omitted); Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir.

2006) (recognizing that the court can consider documents on which plaintiff relied in bringing

suit).

       Consideration of plaintiffs' EEO filings is proper because it is plaintiffs' burden to satisfy

the administrative exhaustion requirements.  Holowecki v. Federal Express Corp., 440 F.3d 558,

565 (2d Cir. 2006) ("In reviewing the Rule 12(b)(6) ruling, it is proper for this court to consider

the plaintiffs['] relevant filings with the EEOC . . ., none of which were attached to the

complaint, because the Holowecki plaintiffs' [sic] rely on these documents to satisfy the

ADEA's time limit requirements."), aff'd, 552 U.S. 389 (2008); see also Marshall v. Nat'l Ass'n

of Letter Carriers, No. 00 Civ. 3167 (LTS), 2003 WL 223563, at *8 n.3 (S.D.N.Y. Feb. 3, 2003)

(in granting Rule 12(b)(6) motion court considered Precomplaint Counseling Form, EEO

Complaint, EEO agency's final decision, and EEOC decision).

     B.    Plaintiffs Failed Properly to Exhaust Their Administrative Remedies Under
           Title VII

Under Title VII, "a litigant must exhaust available administrative remedies in a timely

fashion" as a prerequisite to gaining access to the federal courts.  Brown v. General Servs.

Admin., 425 U.S. 820, 832 (1976).  For federal job applicants like Houser, under the governing

federal EEO regulations, "prior to filing a complaint," an "aggrieved person must initiate contact

with a Counselor within 45 days of the date of the matter alleged to be discriminatory . . . ."  29

C.F.R. § 1614.105(a)(1); 29 C.F.R. § 1614.103; see also Boos v. Runyon, 201 F.3d 178, 181 (2d

Cir. 2000) (postal employee's discrimination claim barred where plaintiff failed to seek EEO

counseling within forty-five days of the alleged discriminatory incident); Torres v. U.S. Dep't of

Veterans Affairs, No. 02 Civ. 9601 (HBP), 2004 WL 691237, at *3-5 (S.D.N.Y. Mar. 31, 2004)

(granting motion to dismiss employment discrimination claims for failure to exhaust

administrative remedies where plaintiff failed to allege that she sought counseling within

forty-five days of her termination); German v. Pena, 88 F. Supp. 2d 216, 219-20 (S.D.N.Y. 2000)

(dismissing federal employee's claim of discrimination because of his failure to exhaust

administrative remedies in a timely manner); Dillard v. Runyon, 928 F. Supp. 1316, 1325

(S.D.N.Y. 1996) (dismissing Title VII claim of Postal Service worker who failed to contact EEO

counselor within forty-five days).  The regulation contains an exception which authorizes an

agency or the EEOC to extend the 45-day time limit:

> when the individual shows that he or she was not notified of the time limits and
> was not otherwise aware of them, that he or she did not know and reasonably
> should not have been known [sic] that the discriminatory matter or personnel
> action occurred, that despite due diligence he or she was prevented by
> circumstances beyond his or her control from contacting the counselor within the
> time limits, or for other reasons considered sufficient by the agency or the
> Commission.

29 C.F.R. § 1614.105(a)(2).

"Procedural requirements established by Congress for gaining access to the federal courts

10

are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984); see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 94 (1990) (recognizing that time limits are "a condition to the waiver of sovereign immunity and thus must be strictly construed").  Indeed, "[i]n the context of a request to alter the timely filing requirements of Title VII, th[e Supreme] Court has stated that 'strict adherence to the procedural requirements specified by the legislature is the best guarantee of an evenhanded administration of the law.'" Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002) (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)).

With the exception of Houser and Rickett-Samuels, no plaintiff ever filed an administrative complaint, such that their claims can only survive here if they can "piggyback" on valid, similar claims of another plaintiff.  See infra Point III.  Thus, the Complaint should be dismissed in its entirety unless Houser or Rickett-Samuels properly exhausted administrative remedies.  Plaintiffs cannot satisfy this requirement, because both Houser and Rickett-Samuels failed to properly exhaust their administrative remedies by contacting an EEO counselor within 45 days of the alleged discrimination and their complaints are therefore fatally defective.  Houser failed to contact an EEO counselor within 45 days of receiving the letter informing her that she was not eligible for the job.   Specifically, the Census Bureau informed Houser that she was no longer being considered for employment on May 21, 2009, yet Houser did not initiate contact with an EEO counselor until August 10, 2009.  See Houser EEO File at USA0123, USA0147. Courts presume that a federal agency's notification letter is received three days after the date shown on the notice.  See Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525-26 (2d Cir. 1996) (court will presume that "a notice provided by a government agency has been mailed on the date

11

shown on the notice," and that "a mailed document is received three days after its mailing"); <u>see also Baldwin Cnty. Welcome Ctr.</u>, 466 U.S. at 148 n.1; <u>Seitzinger v. Reading Hosp. & Med. Ctr.</u>, 165 F.3d 236, 239 (3d Cir. 1999).   Thus Houser should have initiated contact no later than July 8, 2009 (45 days after May 24, 2009), but instead, she waited to initiate contact until August 10, 2009, which was more than a month late (78 days after May 24, 2009).

Rickett-Samuels likewise failed to contact an EEO counselor within 45 days of being rejected for employment.  She applied for a position in January 2009, received a 30-day letter in March 2009, and received a letter stating she was not eligible for employment in April or May 2009.  <u>See</u> Compl. ¶¶ 71-73; Samuels EEO File at USA1130-31.  Rickett-Samuels, however, did not contact an EEO counselor until February 2010.   <u>See</u> Samuels EEO File at USA1130-31, 1160, 1169, 1185).  By waiting approximately 10 months to initiate EEO contact, Rickett-Samuels is even more untimely than Houser.

Thus, both Houser's and Rickett-Samuels' complaints should be dismissed because they failed to timely initiate EEO contact.

### C.      <u>Houser and Rickett-Samuels Had Constructive Knowledge of the Forty-Five Day Time Limitation</u>

Plaintiffs cannot cure their defective, untimely complaints with bare allegations of ignorance of the 45-day deadline.  Houser argued during her administrative appeal that she was unaware of the time limit for contacting an EEO counselor.[3]  <u>See</u> Houser EEO File at USA0224.

---

[3] While Houser disputed having <u>actual</u> notice, nothing in the Complaint or the EEO file precludes a finding as a matter of law with respect to <u>constructive</u> notice.  If Houser submits additional information, Defendant may seek to convert this motion to one for summary judgment and potentially engage in limited discovery.  <u>German v. Pena</u>, 88 F. Supp. 2d 216, 219 (S.D.N.Y. 2000) (granting defendant's motion for summary judgment after evidentiary hearing and briefing).

<div align="center">12</div>

Houser's Complaint does not make this allegation.  But, even if it did, it would be inadequate to establish Houser's entitlement to the regulatory exception set forth in 29 C.F.R. § 1614.105(b)(2).

Neither Houser nor Rickett-Samuels has disputed that Census posted the relevant EEO rights.  Rather, they argued that they were not aware of their rights.  See Houser EEO File at USA0224; Samuels EEO File at USA1131.  This argument is insufficient because "a plaintiff may not establish a failure to notice exception to the forty-five day time limit merely because he chose not to acquaint himself with the substance of an EEO notification."  German, 88 F. Supp. 2d at 221.  Here, the Census Bureau had a practice of prominently posting at each testing site EEO information, including the 45-day time limit for making initial EEO counselor contact.  See Houser EEO File at USA0247.  The posters displayed by the Census Bureau at the testing site highlighted the 45-day deadline.  Id. at USA0248, USA0249.  Moreover, the Census Recruiting Assistant ("RA") Manual stated that each RA should "post the EEO poster in a visible location" and "display the EEO poster where all applicants can see it," and the diagram included in the Manual illustrates how the EEO poster should be displayed in a prominent location.  Id. at USA0251-52.

The posting of EEO notices "have routinely been held to constitute constructive notice to employees exposed to them, in the face of which the § 1614.105(a)(2) exception is unavailable."  Brown v. Principi, No. 04 Civ. 1232 (PAC), 2007 WL 959375, at *3 (S.D.N.Y. Mar. 29, 2007).  Courts have held that such constructive notice bars claims even of plaintiffs who were not aware of the forty-five day limit.  See Rosario v. Potter, No. 07 Civ. 5891 (SCR) (GAY), 2009 WL 3049585, at *7 (S.D.N.Y. Sept. 23, 2009) (EEO posters were sufficient to

13

give constructive notice of 45-day filing requirement); <u>Marinelli v. Chao</u>, 222 F. Supp. 2d 402, 411-12 (S.D.N.Y. 2002) (information in EEO posters, handbook and brochure sufficient to afford constructive notice); <u>Judge v. Henderson</u>, 172 F. Supp. 2d 410, 414 (S.D.N.Y. 2001) (employee had constructive notice where EEO poster displayed at workplace).

Houser and Rickett-Samuels also had constructive notice because, from the time of Houser's and Rickett-Samuels' application for employment until the present day, EEO information was available on the Census Bureau's website. <u>See</u> Houser EEO File at USA0253-55. The language of the EEO website and linked documents described the EEO process, including informal EEO counseling, and state that EEO contact was required within 45 days. <u>Id.</u> (referring to www.census.gov/eeo/); <u>see also</u> <u>Berry v. Florida Int'l Univ. Bd of Trustees</u>, No. 06 Civ. 21936, 2008 WL 410129, at *6 & n.4 (S.D. Fla. Feb. 12, 2008) (declining to apply equitable estoppel against defendant employer where plaintiff had a general knowledge of rights and opportunity to obtain additional knowledge in part through readily accessible information on EEOC's website).

Finally, Houser's constructive knowledge of the forty-five day time limit is further enhanced by the fact that she had previously worked for the Census Bureau in 1990 as a decennial employee, and she was admittedly familiar with the Bureau's hiring practices. According to her Complaint, while a Census employee in 1990, Houser was "involved in hiring," including "interviewing candidates" and "speaking with job applicants on the telephone." <u>See</u> Compl, ¶ 54.[4]

---

[4] In isolated instances with facts inapposite to those presented here, courts have found that applicants did not have constructive notice of the deadline for EEO counselor contact even where the federal agency posted notices. <u>See, e.g.</u>, <u>Gilbert v. Tisch</u>, No. 86 Civ. 3933, 1987 WL

14

For these reasons, the Court should find that Houser and Rickett-Samuels were on constructive notice of the 45-day requirement to contact an EEO counselor, and they therefore failed to timely exhaust her administrative remedies.

>    D.    Houser and Rickett-Samuels Are Not Entitled to Equitable Tolling or Estoppel

Nor can Houser and Rickett-Samuels avoid dismissal of their Complaint by invoking the doctrine of equitable tolling or equitable estoppel.  The Second Circuit has previously stated that the forty-five day requirement is subject to equitable tolling — but only in very narrow circumstances.  See Boos, 201 F.3d at 184.  Such tolling should be granted only in "rare and exceptional" circumstances.  See Moultrie v. Potter, No. 04 Civ. 6887, 2006 WL 1495234, at *6 (S.D.N.Y. May 31, 2006); Miller v. International Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir. 1985).  Moreover, the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff."  Boos, 201 F.3d at 185.  Plaintiffs provided no evidence or argument at the administrative level concerning why they should be entitled to equitable tolling of the 45-day period.

Likewise, the doctrine of equitable estoppel does not apply to this case.  "[E]quitable estoppel is raised in cases where the plaintiff knew of a potential cause of action but delayed

---

14908, at *3 (S.D.N.Y. July 21, 1987) (finding "presence of posters at an application site can serve as constructive notice of EEOC's timing requirements," but refusing to hold "as a matter of law plaintiff was actually aware of the thirty day requirements solely by virtue of such posted notices" in light of Postal Service's "emerging pattern of not only failing to act on [his] applications, but actually losing all record of them . . ."); Johnson v. Runyon, 47 F.3d 911, 919-20 (7th Cir. 1995) (reversing grant of summary judgment for defendant USPS where applicant did not spend time in administrative or personnel offices where notices were posted, and poster erroneously stated she only had thirty days to contact EEO officer, rather than forty-five days).  Those cases are distinguishable from the present case, because plaintiffs spent at least an hour in the testing site where it was Census's practice to prominently display the poster that accurately presented the EEO contact requirement, Census's website contained information regarding the EEO process and the 45-day requirement, and Houser had previously worked for the Census.

bringing it because of the defendant's conduct." German, 88 F. Supp. 2d at 222 (citation omitted).  Such conduct can include a misrepresentation by the employer regarding the length of the limitations period or an employer's assurance that it is unnecessary for the plaintiff to commence the litigation.  Id.  Neither Houser nor Rickett-Samuels has alleged that Census induced them to delay seeking EEO counseling.  See Judge, 172 F. Supp. 2d at 414.

Moreover, plaintiffs' arguments at the administrative level, that they did not realize that their failure to be hired might be race discrimination until their respective attorneys suggested it to them, is not persuasive.  See Houser EEO File at USA0216; Samuels EEO File at USA1131. The timing of Houser's and Rickett-Samuels' subjective belief that they were discriminated against is not the event that triggers the 45-day period for purposes of 29 C.F.R. § 1614.105(a)(1).  Instead, "[t]he time period for contacting the EEO counselor begins to run from the date of the discrete employment action alleged to be discriminatory, not from the date of discovery of improper motivation."  Fausto v. Reno, 955 F. Supp. 286, 292 (S.D.N.Y. 1997) ("The law is clear that the tolling exception . . . does not apply where, as here, the complainant was aware of the adverse employment action taken against him, but was arguably unaware, until a later time, of any discriminatory animus that may have motivated the action. Once an adverse employment action is taken against a complainant, a plaintiff is on notice and has an obligation to investigate further in order to safeguard his rights.") (quotations omitted); see also Holdmeyer v. Veneman, 321 F. Supp. 2d 374, 381 (D. Conn. 2004) (dismissing claim as untimely because date when plaintiff learned that deciding official was of a different race and plaintiff developed subjective belief that he was discriminated against is not relevant triggering date for 45-day rule); Dillard v. Runyon, 928 F. Supp. 1316, 1327 (S.D.N.Y 1996) (dismissing claim under 45-day rule

16

because plaintiff's "subjective belief" about when she was required to contact EEO counselor "does not trigger equitable tolling").  Accordingly, neither Houser nor Rickett-Samuels is entitled to any tolling of the 45-day time limit and their Complaints should be dismissed for failure to timely exhaust administrative remedies.

> E.     The District Court Should Review De Novo the EEOC's Timeliness Finding
>          Relating to Houser's Administrative Complaint and Then Dismiss Her Complaint

This Court can properly dismiss Houser's Complaint because the Court should review timeliness de novo.  The EEOC's prior administrative findings relating to the timeliness of Houser's EEO complaint do not limit this Court's discretion in making its timeliness determination. See Contreras v. Ridge, 305 F. Supp. 2d 126, 131 (D.D.C. 2004) ("When a plaintiff takes a Title VII complaint to court before an administrative agency has made a merits determination . . . the government is not bound by the EEOC's adverse finding of timeliness, and the adverse finding is not entitled to deference.") (emphasis added).

Plaintiffs likely will rely on the Second Circuit's decision in Briones v. Runyon, 101 F.3d 287, 292 (2d Cir. 1996), to argue that Defendant has waived its right to challenge plaintiffs' exhaustion of administrative remedies as untimely.  Reliance on Briones is unavailing, however, because Briones is distinguishable from the instant case.  In Briones, the United States Postal Service ("USPS") conducted an investigation and issued a final agency decision on the merits after the EEOC had reversed USPS's decision finding a failure to meet the 45-day deadline.  See Briones, 101 F.3d at 291 ("[T]he Postal Service neither appealed the EEOC's determination nor refused to proceed, but, rather, began its investigation.") (emphasis added); see also Girard v. Dep't of Treas., 62 F.3d 1244, 1247 (9th Cir. 1995), id. at 1245 (agency issued second final agency decision on the merits of the claim after reversal).

Briones therefore does not apply to Houser's complaint because the Census Bureau did not conduct an investigation or issue a final agency decision on the merits after it received the EEOC's reversal on timeliness grounds.  Rather, after the Census Bureau accepted Houser's administrative complaint for investigation on February 24, 2010, see Houser EEO File at USA0301, no investigation was initiated or merit decision made.  Instead, plaintiffs instituted the present action, which, by regulation, terminated the administrative processing of Houser's administrative complaint.  See id. at USA0280.  Thus, because Census did not have an opportunity to process Houser's claim before she filed in district court and therefore did not investigate the claim or issue a final agency decision on the merits, Briones does not control here.

For waiver purposes, the lack of an agency investigation or final agency decision on the merits in this case is critical because, unlike in Briones, the Government has taken no affirmative action to waive the timeliness issue.  During the course of an investigation into the merits, the agency would have the opportunity to discover additional facts relating to the timeliness and merits of the plaintiff's administrative complaint, and the agency could choose whether to press the timeliness defense or waive the defense and make a final merits determination.  Therefore, the Census Bureau has not waived its right to challenge the timeliness of Houser's administrative complaint, and this Court should review de novo the facts relevant to that inquiry.

That Briones does not apply to Rickett-Samuels' complaint is equally clear.  Briones is based on a predicate EEOC Office of Federal Operations timeliness decision *and* an agency waiver of the issue.  In Rickett-Samuels' case, OFO has made no timeliness determination, and the Government has not waived the issue.

18

F.    Rickett-Samuels' Complaint Must Also Be Dismissed Because She Failed to
        Allow the Administrative Process 180 Days Prior to Filing in District Court

In addition to its untimely filing, Rickett-Samuels' complaint should be dismissed for a

second reason: 180 days have not elapsed since she filed her EEO complaint.  *See* 29 C.F.R. §

1614.407.  In the federal sector, a complainant can only bring a civil action after a final decision

or after 180 days have elapsed from the time a complaint is filed.  Id.  Accordingly, for this

additional reason, Rickett-Samuels' claims should be dismissed for failure to exhaust

administrative remedies.  E.g., Barber v. Potter, No.3:04CV1198, 2005 WL 2481487, at *1 (D.

Conn. Sep. 30, 2005); Phillips v. Widnall, 79 F. Supp.2d 1265, 1270-72 (D.N.M. 1999).

## POINT II

## THE COMPLAINT'S CLASS ALLEGATIONS MUST BE DISMISSED FOR
## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

A.    Federal Employees Must Follow a Unique Class Complaint Process that is
        Fundamentally Different from the Private Sector Class Complaint Process

In the federal employment sector, individual discrimination complaints and class

discrimination complaints follow fundamentally different processes.  Individual discrimination

complaints are informally processed by EEO counselors, after which complainants can file a

formal complaint.  29 C.F.R. § 1614.105.  The federal agencies then decide whether to accept the

complaint in whole or in part.  29 C.F.R. § 1614.107(a)-(b).  If the complaint is accepted, the

agency then directs an investigation into the complaint.  29 C.F.R. § 1614.108.  The case can

then proceed to either a Final Agency Decision ("FAD") or a hearing with the EEOC.  If the

complainant requests a FAD, then the agency will make a final decision based on its

investigation of the facts.  See 29 C.F.R. 1614.110(b); 29 C.F.R. § 1614.108(f).  If the

complainant elects a hearing, the complaint is then transferred to the EEOC.  29 C.F.R. §

19

1614.109.

On the other hand, class discrimination complaints follow a completely different process. <u>See</u> 29 C.F.R. § 1614.204.   Upon receipt of a class complaint, the agency must forward the complaint and related materials to the EEOC for processing.  29 C.F.R. § 1614.204(d)(1).  The agency makes no determinations on the case before forwarding it to the EEOC.  <u>See</u> <u>id.</u>  The EEOC then assigns the case to an administrative judge.  <u>Id.</u>  The administrative judge then decides whether to accept the complaint, part of the complaint, or dismiss the complaint in its entirety.   29 C.F.R. § 1614.204(d)(2).  Thus, in class complaints, the administrative judge decides whether to accept or dismiss the complaint, whereas the agencies make that decision regarding individual complaints.  29 C.F.R. § 1614.204(d)(2); 29 C.F.R. § 1614.107.  The administrative judge also decides whether to certify a class.  <u>See</u> 29 C.F.R. § 1614.204(b).  Class complaints are also subject to a different mediation procedure.  <u>See</u> 29 C.F.R. § 1614.204(g).

The class complaint procedure is thus the proper mechanism to put the agency on notice that it will be defending a class claim.  The regulations clearly delineate one process for individual complaints, and another for class complaints.  Plaintiffs cannot – and the Court should not – simply ignore this regulatory distinction.

B.    <u>None of Plaintiffs Properly Exhausted a Class Administrative Complaint</u>

First, as explained in Section I(B)-(D), <u>supra</u>, neither Houser nor Rickett-Samuels timely pursued their administrative remedies, such that all of their claims should be dismissed.

Moreover, the allegations of the Complaint that Hosuer purportedly raises on behalf of a class should be dismissed for the additional and independent reason that she did not exhaust the

class administrative remedies necessary to support a class action in federal court.[5]

      Houser filed her EEO complaint only on behalf of herself, not a class, Anderson Decl. ¶ 4; therefore, her complaint does not exhaust the administrative remedies as required to support a class action against the government in a federal employment case.  In order for a federal employee or applicant for employment at a federal agency to institute a class action against a federal agency in district court, she must first exhaust the available administrative remedies on behalf of the class.  Downes v. Adams, No. 81 Civ. 61, 1982 WL 31035 (E.D.N.Y. May 12, 1982).  Because Houser failed to raise any class claims in her individual EEO complaint and failed to move for class certification during the administrative process, the Court should dismiss the class allegations in the Complaint.

      The Code of Federal Regulations provides that an "applicant who wishes to file a class complaint must seek counseling" in accordance with the federal regulations, and "may move for class certification at any reasonable point in the [administrative] process when it becomes apparent that there are class implications to the claim raised in an individual complaint."  29 C.F.R. § 1614.204(b).  The federal regulation prescribes that:

> a class complaint is a written complaint of discrimination filed on behalf of a class by the agent of the class alleging that: (i) The class is so numerous that a consolidated complaint of the members of the class is impractical; (ii) There are questions of fact common to the class; (iii) The claims of the agent of the class are typical of the claims of the class; (iv) The agent of the class, or, if represented, the representative, will fairly and adequately protect the interests of the class.

---

5 Solely for purposes of this motion, Defendant assumes that Rickett-Samuels' administrative complaint could be construed to seek relief on behalf of a class; this motion seeks dismissal of any class claim advanced by her on the grounds that she failed to timely present her administrative claim and that she sued less than 180 days after making an administrative claim, while also in the alternative seeking to limit the scope of any class whose claims could be presented by any named plaintiff.  See infra Point IIC.

21

29 C.F.R. § 1614.204(a)(2).  The federal regulation also prescribes that the "administrative judge shall deny class certification when the complainant has unduly delayed in moving for certification."  29 C.F.R. § 1614.204(b).

The federal regulations are designed to put the federal agency on notice of the allegedly class-wide discrimination and provide the agency with an opportunity to remedy the problem regarding the class on an informal basis.  Courts in this Circuit have thus recognized that "the appropriate place for a class claim of discrimination to be aired, at least in the first instance, is at the administrative level, and not the district court."  Downes, 1982 WL 31035 (E.D.N.Y. May 19, 1982); cf. Pavano v. Shalala, 95 F.3d 147, 150 (2d Cir. 1996) (finding when federal agency is defendant in a class action, "[p]arties are generally required to exhaust their administrative remedies, in part because of concerns for separation of powers (i.e., the need to limit judicial interference in the agency process) and the need to conserve judicial resources.").

Courts within and outside this Circuit have routinely dismissed Title VII class claims brought against federal agencies when the complainant filed an individual administrative complaint but failed to comply with 29 C.F.R. § 1614.204 by filing a class complaint at the administrative level.   See Downes, 1982 WL 31035 (dismissing class action elements of complaint and finding that "the few cases on this issue unanimously require that the class action administrative procedures be exhausted as a condition to the certification of a federal class action") (collecting cases); see also McKnight v. Gates, 282 Fed. Appx. 394, 2008 WL 2491626, at *3 (6th Cir. June 23, 2008) (affirming dismissal of ADEA claims because plaintiff was "attempt[ing] to evade EEOC requirements by transforming an individual action into a class action. . . [and] the EEOC has promulgated specific guidelines for the filing and

22

presentation of class complaints that, under [plaintiff's] reading of the 'scope of the charge'

rule, would be rendered meaningless") (internal quotations omitted); Murphy v. West, No. 98-

2308, 1999 WL 64284, at *3 (4th Cir. Feb. 11, 1999) ("[P]rior complaints filed by individual

class members and the exhaustion of individual administrative remedies are not sufficient to

satisfy the exhaustion requirements for a class action suit."); Belhomme v. Widnall, 127 F.3d

1214, 1217 (10th Cir. 1997) (affirming dismissal of class claim; "[a] federal employee must

exhaust his class action claim with the EEOC before raising it in federal court, and exhaustion

of an individual Title VII claim is not sufficient to exhaust a class action claim.") (citing Gulley

v. Orr, 905 F.2d 1383, 1385 (10th Cir. 1990)); International Union v. Clark, No. 02-1484, 2006

WL 2687005, at *6 (D.D.C. Sept. 12, 2006) (dismissing motion for class certification where

proposed class representatives had not filed an administrative complaint); Riley v. Potter, No.

08-5167, 2010 WL 125841, at *3-*4 (D.N.J. Jan. 7, 2010) (dismissing class claim for failure to

exhaust because individual claims do not exhaust class claims); McKenzie v. Principi, No. Civ.

A. 01-0221, 2001 WL 1005931, at *1 (E.D. La. Aug. 29, 2001) (same).

Despite failing to file a valid class action administrative complaint, plaintiffs' federal

Complaint in this Court (1) purports to sue on behalf of a sweeping class of various categories

of applicants for employment with the Census Bureau, see Compl. ¶ 33; (2) asserts extensive

class action allegations, see id. ¶¶ 112-18; and (3) seeks relief on behalf of the putative class as

well as named plaintiffs, see id. ¶¶ 120-35.

Accordingly, because plaintiffs failed properly to exhaust administrative remedies in

compliance with 29 C.F.R. § 1614.204, the Court should dismiss all allegations in the

Complaint made on behalf of a class.

C.     Even If Either EEO Complaint Had Been Timely Filed on Behalf of a Class, It
       Could Not Support the Broad Class Allegations in the Federal Complaint

Even if Houser or Rickett-Samuels had timely filed a class action administrative

complaint alleging that they were pursuing their action on behalf of a class, the scope of the class

action allegations viable in this Court would have been much narrower than those included in

plaintiffs' Complaint.  In plaintiffs' Complaint, the purported class is alleged to include:

> All African American, Latino, and Native American persons who applied for
> temporary employment with the United States Census Bureau for positions
> including but not limited to Census Takers (also known as Enumerators), Census
> Crew Leaders, Recruiting Assistants, and/or Clerks, who were sent a 30-day
> notice to produce official court documentation or fingerprints, for whom there
> was no record of conviction, or who were otherwise suitable for employment
> because they do not present a legitimate threat to the public safety or integrity of
> the counting process, and who were not hired or were terminated by the Census
> Bureau, between the commencement of temporary hiring for the 2010 decennial
> census and the date of judgment in this action.

See Compl. ¶ 33.

Plaintiffs' Complaint thus asserts extremely broad class allegations that have no

correlation to Houser's or Rickett-Samuels' experiences as alleged in their administrative

complaints.  Houser is an African-American resident of Philadelphia.  Compl. ¶ 53.  As

established in Houser's EEO file, her application for employment at Census was rejected because

she never completed the employment process by responding to the 30-day letter sent to her on

May 21, 2009 with a timely or proper response.  See Houser EEO File at USA0123.  Rickett-

Samuels is an African-American resident of Stamford.  Compl. ¶ 69.  Her application for

employment with the Census Bureau was rejected after she provided certain facts relating to her

criminal history in response to a 30-day letter.  Compl. ¶¶ 72-73.  Neither of these plaintiffs bear

any relation to plaintiffs like Gonzalez or Riesco (or similarly situated putative class members),

24

who are Hispanic-Americans from other states who were not rejected by Census, either pursuant
to the 30-day letter process or as adjudicated under Census' eligibility criteria. Likewise, neither
Houser nor Rickett-Samuels bears any resemblance to other categories of purported class
members, such as Native Americans who were hired by Census but were subsequently
terminated.

In short, plaintiffs are attempting to file suit on behalf of individuals whose claims are
irreconcilably different from plaintiffs' claims. In plaintiffs' Complaint, the class action
allegations include a plethora of unrelated categories of putative members of the class including
those who:

(1) failed to properly respond to or follow the instructions contained in the 30-day letter;

(2) followed the instructions in the 30-day letter, but did not receive a response from
Census for a variety of reasons, including because the timing of their application coincided with
the receipt of a large number of applications, the closing of a specific operation, or because they
were asked for additional information based on their response to the 30-day letter;

(3) followed the instructions in the 30-day letter and were rejected based on their criminal
history during the "adjudication" process;

(4) followed the instructions in the 30-day letter and were deemed "eligible" for
employment based on the "adjudication" process, but were not hired; and

(5) followed the instructions in the 30-day letter, were deemed "eligible" for employment
based on the "adjudication" process, and were hired by Census; but were subsequently
terminated based on the unrelated post-employment fingerprint process required by the Census
Bureau to identify any incoming employee who might have been convicted of a disqualifying

offense during the application process,.  See Compl. ¶¶ 33, 112.

Most of these categories of putative class members are not similarly situated to Houser or Rickett-Samuels in any way.  For example, neither the experiences nor administrative complaints of Houser or Rickett-Samuels reasonably relates to applicants who were deemed eligible for employment based on Census' adjudication process or were actually hired but later terminated, and it also is unclear whether their claims could extend to applicants of different ethnicities. Thus, neither Houser's nor Rickett-Samuels' administrative charges would have put the agency on notice, and the Agency therefore could not "reasonably have investigated" any of these categories of applicants' allegations of discrimination.

Likewise, even if Houser's EEO complaint had been a timely class charge, it would not have been sufficiently similar to the category of putative class members (like Rickett-Samuels) who properly responded to the 30-day letter but were rejected by the adjudication criteria. Houser's claim is starkly different from the claims of the other named plaintiffs: while the other plaintiffs have varied attacks on the adjudication criteria, Houser was never judged on the criteria because she did not supply the information needed for the adjudication.  Rather, she at most could only hope to represent individuals who, unlike the other named plaintiffs, did not properly respond to the instructions contained in the 30-day letter.

And even if Rickett-Samuels' EEO complaint had been timely, it would not have been sufficiently similar to putative class members (like Houser) who were rejected due to their untimely and improper responses to the 30-day letter.  Rickett-Samuels at most might try to present claims by persons who properly documented their criminal records in response to a 30-day letter, but were rejected based on the specific criminal history (in her case, of three felony

26

convictions) that led to their rejection.  Of course, this is a far cry from the Complaint's

sweeping allegation that the background check process deters qualified applicants, or that

individuals with very old and insignificant offenses are unable to complete the process or are

rejected based on offenses unrelated to job requirements.

Accordingly, all such class claims would be subject to dismissal even had Houser or

Rickett-Samuels filed a timely class administrative complaint.  See McClain v. Lufkin Indus.,

519 F.3d 264, 275 (5th Cir. 2008) (dismissing class claims for discriminatory assignment of new

Foundry division employees because "EEOC would not reasonably have investigated" such

claims based on administrative charges); Ulvin v. Northwestern Nat'l Life Ins. Co., 943 F.2d

862, 865-66 (8th Cir. 1991) (affirming dismissal of discrimination claims of early retirees,

holding claims beyond scope of named plaintiff's class-wide EEOC charge regarding demotion

and termination based on age discrimination, such that filed EEOC charge would not alert

employer to early retirees' claims); Vuyanich v. Republic Nat'l Bank of Dallas, 723 F.2d 1195,

1200 (5th Cir. 1984) (finding plaintiffs lacked standing to assert broad class claims because

named plaintiff "cannot bootstrap the court's jurisdiction to encompass claims regarding

practices broader than the hiring and termination claims properly assertable by the named

plaintiffs"); Contrares v. Ridge, 305 F. Supp. 2d 126, 134 (D.D.C. 2004) (dismissing class claims

of harassment/hostile work environment and foreign language proficiency awards which, unlike

other class claims, had not been administratively exhausted); cf. Holowecki v. Federal Express

Corp., 644 F. Supp. 2d 338, 350-51 (S.D.N.Y. 2009) (dismissing certain plaintiffs' allegations

and denying "piggybacking" of claims where they did not arise out of similar discriminatory

treatment in the same time frame); Debose v. Fedex Corp., No. 08 Civ. 07042, 2009 WL

27

1542572, at *1-*2 (S.D.N.Y. June 2, 2009) (dismissing class claims where administrative charges were "highly individualized" and defendant could not reasonably have been alerted to possibility that others suffered similar discrimination).

<div align="center">

**POINT III**

**THE OTHER FIVE PLAINTIFFS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES AND SHOULD NOT BE PERMITTED TO "PIGGYBACK" INTO FEDERAL COURT**

</div>

A.  The Other Plaintiffs Failed to File Any EEO Complaints

There can be no dispute that Johnson, Anderson, Gonzalez, Riesco, and Daniels failed to contact an EEO counselor or file an administrative complaint alleging discrimination against Census Bureau.  The Complaint in this action does not allege that any of these named plaintiffs exhausted their administrative remedies, and the agency's files do not reflect any administrative filing by any of these five individuals.  See Anderson Dec. ¶¶ 5, 6; Supp. Anderson Dec. ¶¶ 4, 5.

B.  Plaintiffs Cannot "Piggyback" on the Filed EEO Complaints

Plaintiffs may argue that the other plaintiffs' claims should be allowed to proceed despite their failure to exhaust administrative remedies because they should be permitted to "piggyback" on the EEO charge filed by Houser or Rickett-Samuels.  While a plaintiff may take advantage of the "single filing rule" in certain circumstances, it is only appropriate when the piggybacking plaintiff's "individual claims arise out of similar discriminatory treatment in the same time frame" as a plaintiff who timely exhausted his or her administrative remedies.  Holowecki v. Federal Express Corp., 644 F. Supp. 2d 338, 350 (S.D.N.Y. 2009) (quoting Snell v. Suffolk County, 782 F.2d 1094, 1100 (2d Cir. 1986)).

<div align="center">

28

</div>

First, the five other plaintiffs cannot piggyback on Houser's or Rickett-Samuels' complaint because Houser and Rickett-Samuels failed to properly exhaust their administrative remedies by filing a timely administrative complaint. See Point I(B)-(D), supra.

In addition, even if Houser or Rickett-Samuels had properly exhausted administrative remedies, neither of them would provide support for all of the five additional plaintiffs to "piggyback" because their claims are dissimilar and do not "arise out of similar discriminatory treatment." See Holowecki, 644 F. Supp. 2d at 350-51 (dismissing piggybacking plaintiffs' claims finding they were "not 'sufficiently similar' to the facts underlying many of the named plaintiffs' claims"); see also Spector v. Bd. of Trustees of Community-Technical Colleges, No. 3:06-cv-129, 2007 WL 4800726, at *11 (D. Conn. Dec. 27, 2007) (rejecting single filing rule where filing plaintiff's and piggybacking plaintiff's "claims share some events in common, [but] the factual basis of their complaints are more different than alike").

Houser's case is fundamentally different from all six of her fellow plaintiffs' cases. Her claim centers on the fact that her application for employment was rejected because she failed to respond timely and properly to Census' 30-day letter; consequently, Houser's case is premised on the burden of complying with the 30-day letter . See Compl. ¶ 56; Houser EEO File at USA0123. None of the other six plaintiffs are similarly situated because none of them was rejected from employment due to failure to comply with Census' 30-day letter process. Indeed, Johnson, Gonzalez, and Riesco were never rejected at all; Rickett-Samuels and Anderson timely responded to the 30-day letter and were not hired based on Census' adjudication of their eligibility for employment due to the facts relating to their individual criminal histories; and Daniels incorrectly responded to the 30-day letter in a timely manner. See Compl. ¶¶ 51-52

29

(Johnson was placed on Census' "eligibility list" after responding to 30-day letter); id. ¶ 67

(Anderson's application rejected due to Census' adjudication of criminal history facts disclosed

in response to 30-day letter); id. ¶¶ 72-73 (Rickett-Samuels rejected after disclosing facts of her

criminal history in response to 30-day letter); id. ¶¶ 77-78 (Gonzalez was not rejected after

supplying facts in response to 30-day letter); id. ¶¶ 84-86 (Daniels submitted fingerprints in

response to 30-day letter but did not provide documentation); id. ¶ 89 (Riesco responded to 30-

day letter and has not been rejected for employment).

Likewise, most of the plaintiffs' claims and factual underpinnings are dissimilar to

Rickett-Samuels' claims, and she therefore cannot provide the basis for them to "piggyback" into

this Court.  While Rickett-Samuels' application for employment was rejected due to a finding

that she was ineligible based on the facts of her criminal history that she supplied,  Gonzalez and

Riesco were never rejected, and Johnson was even cleared for employment.  Accordingly, their

claims are not sufficiently similar to Rickett-Samuels' to excuse their failure to exhaust their

administrative remedies pursuant to the single filing rule.

In Holowecki, the plaintiff who had exhausted administrative remedies complained of

age discrimination, which resulted from his employer's compensation system ("BPP") and

program of "Minimal Acceptable Performance Standards" ("MAPS").  644 F. Supp. 2d at 343.

On summary judgment the court dismissed several plaintiffs who failed to exhaust, holding they

could not piggyback their age discrimination claims onto the exhausted claim because their

claims did not "arise out of similar discriminatory treatment."  Id. at 351 (concluding that several

other employees' age discrimination complaints did not involve failure to meet BPP and MAPS

requirements, and some specifically related instead to the company's medical leave policy).

30

Likewise here, Houser's and Ricketts-Samuels' claims arise out of entirely different facts from most of the other plaintiffs.  Because plaintiffs' asserted grievances result from fundamentally dissimilar actions taken by Census, they should not be permitted to "piggyback" on Houser's or Ricketts-Samuels' complaint, even if either of those complaints had been properly exhausted.

McClain v. Lufkin Industries, Inc., 519 F.3d 264, 275 (5th Cir. 2008) is also instructive. In McClain, a class action suit alleging that Lufkin Industries discriminated on the basis of race, the court vacated a damages and injunctive relief award based on assignments to the Foundry division of the company, where neither of the individual plaintiffs had worked in the Foundry division and neither plaintiff could or did complain to the EEOC about the division's hiring practices.  Id.  Because of these facts, the court was "persuaded that the EEOC would not reasonably have investigated discriminatory assignment of new Foundry division employees based on either McClain or Thomas's charge."  Id.   The court also noted that case law "raises considerable doubt that McClain and Thomas would have had standing to assert the class hiring claims of Foundry division workers."  Id., n.2.

Likewise here, Houser failed to timely or properly respond to the allegedly discriminatory 30-day letter, whereas all other plaintiffs properly responded.  And unlike Houser and Rickett-Samuels, some of the plaintiffs have not even been deemed ineligible for hire. Because the facts underlying their claims are so different, the remaining plaintiffs should not be permitted to piggyback on Houser's or Rickett-Samuels' claim.  See also Ulvin v. Northwestern Nat'l Life Ins. Co., 943 F.2d 862, 865-66 (8th Cir. 1991) (dismissing some plaintiffs' age discrimination claims made by early retirees as beyond scope of named plaintiff's class-wide EEOC age discrimination charges where class plaintiff had not yet become eligible for

31

retirement); <u>Contreras v. Ridge</u>, 305 F. Supp. 2d 126, 134 (D.D.C. 2004) (dismissing claims of harassment/hostile work environment and foreign language proficiency awards).   For these reasons, all of plaintiffs' claims in the Complaint should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, the Government respectfully requests that the Court grant its motion to dismiss plaintiffs' Complaint in its entirety.

Dated: New York, New York
       September 10, 2010

<div style="margin-left:40%">

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Defendant

*Daniel P. Filor*
_____
</div>

By:      ALLISON D. PENN
         DANIEL P. FILOR
         TARA LAMORTE
         Assistant United States Attorneys
         86 Chambers Street
         New York, New York 10007
         Tel.: (212) 637-2726
         Fax:  (212) 637-2717