UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
EUGENE JOHNSON, EVELYN HOUSER,            :
SANDRA ANDERSON, ANTHONY                  :
GONZALEZ, IGNACIO RIESCO, PRECIOUS        :
DANIELS, and FELICIA RICKETT-SAMUELS      :
on behalf of themselves and all others similarly :
situated,                                 :
                              Plaintiffs,    :    10 Civ. 3105 (FM)
                                          :
        - against -                       :    ECF Case
                                          :
GARY LOCKE, Secretary, United States      :
Department of Commerce,                   :
                              Defendant.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

PREET BHARARA
United States Attorney for the
Southern District of New York
86 Chambers Street – 3rd Floor
New York, New York 10007
Tel: (212) 637-2726
Fax: (212) 637-2717
Email: Daniel.Filor@usdoj.gov

DANIEL P. FILOR
Assistant United States Attorney
     - Of Counsel -

## **TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT……………………………………………………………1

ARGUMENT……………………………………………………………………………...2

    I.      The Class Allegations Must Be Dismissed Because No Plaintiff
Administratively Exhausted Any Class Claims………………………………...2

    II.     Houser's Individual Claims Should Be Dismissed Because She Did
Not Timely Exhaust Her Individual Administrative Complaint……..…………8

    III.    None of the Other Plaintiffs Exhausted Their Administrative Remedies
and Their Claims Should Be Dismissed…………...…………….…………..9

CONCLUSION……………………………………………………………………..10

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                      **PAGE**

*Adams v. New York State Educ. Dep't*,
  No. 08 Civ. 5996 (VM) (AJP), 2010 WL 3306910 (S.D.N.Y. Aug. 23, 2010)...........10

*Artis v. Greenspan*,
  158 F.3d 1301 (D.C. Cir. 1998) ..................................................................................7

*Briones v. Runyon*,
  101 F.3d 287 (2d Cir. 1996)........................................................................................8

*Church v. Consolidated Freightways, Inc.*,
  137 F.R.D. 294 (N.D. Cal. 1991).................................................................................6

*Coghlan v. Peters*,
  555 F. Supp. 2d 187 (D.D.C. 2008) .........................................................................5, 9

*Downes v. Adams*,
  No. 81 Civ. 61, 1982 WL 31035 (E.D.N.Y. May 12, 1982).........................................6

*EEOC v. Air Line Pilots Ass'n*,
  885 F. Supp. 289 (D.D.C. 1995)..................................................................................5

*Fitzwater v. Veterans Admin.*,
  90 F.R.D. 435 (S.D. Ohio 1981) ............................................................................2, 3

*Gulley v. Orr*,
  905 F.2d 1383 (10th Cir. 1990) ...................................................................................3

*Hunt v. Ashcroft*,
  No. 1:99-CV-00223, 2005 WL 927352 (N.D. Fla. 2005)............................................9

*King v. Gutierrez,* EEOC Appeal Doc. 0720060094,
  2008 WL 4773221 (EEOC Oct. 24, 2008) .................................................................7

*Lusardi v. Lechner*,
  855 F.2d 1062 (3d Cir. 1988).......................................................................................6

*McKnight v. Gates*,
  282 Fed. Appx. 394, 2008 WL 2491626 (6th Cir. 2008)..............................................3

*Ostapowicz v. Johnson Bronze Co.*,
  541 F.2d 394 (3d Cir. 1976).........................................................................................6

*Riley v. Potter*,
    No. 08-5167, 2010 WL 125841 (D.N.J. Jan. 7, 2010) ...................................................... 6

*Williams v. Tennessee Valley Authority*,
    552 F.2d 691 (6th Cir. 1977) ........................................................................................... 3

*Woodward v. Salazar*,
    _ F. Supp. 2d _, 2010 WL 3087459 (D.N.M. July 15, 2010) .................................... 2, 3


**STATUTES**                                                                                                        **PAGE**

42 U.S.C. § 2000e-5(b) ........................................................................................................ 4

42 U.S.C. § 2000e(b) ........................................................................................................... 4

29 C.F.R. §1601.11 ............................................................................................................. 4

29 C.F.R. §1614.101, et seq ................................................................................................ 4

29 C.F.R. §1614.204 ........................................................................................................ 2, 5

29 C.F.R. § 1614.407(b) ...................................................................................................... 7

**PRELIMINARY STATEMENT**

Defendant Gary Locke, Secretary of the United States Department of Commerce, by and through his attorney, Preet Bharara, United States Attorney for the Southern District of New York, respectfully submits this reply memorandum in further support of his motion to dismiss plaintiffs' Amended Complaint. As described in the Government's initial brief ("Mov. Br."),[1] the Complaint should be dismissed because no plaintiff properly exhausted administrative remedies.

Plaintiffs concede that none of the plaintiffs exhausted an administrative class complaint as required by the law and federal regulations. Instead, plaintiffs contend that their failures to follow the clear requirements of Title VII should be excused because of a hodge-podge of partial attempts to engage in the administrative process and assorted equitable justifications. They ask the Court to ignore clear prerequisites for suing the United States, and adopt, without precedent, the scheme similar to cases brought in the private sector. Plaintiffs also mischaracterize the facts, alleging that Commerce purportedly received "notice" of allegations of discrimination in the background check process by a letter of inquiry from the EEOC, administrative complaints or informal pre-complaint counselings of individuals who are not plaintiffs in this action, and administrative complaints filed in recent weeks long after this action was filed. None of these excuses supplant the regulatory requirement that applicants for federal employment need to exhaust any class action allegations administratively before proceeding to federal court. Accordingly, the Complaint should be dismissed.

---

[1] This reply memorandum uses the same abbreviations that the Government defined in its Moving Brief.

1

**ARGUMENT**

**I.      The Class Allegations Must Be Dismissed Because No Plaintiff Administratively Exhausted Any Class Claims**

Plaintiffs concede that no plaintiff other than Houser even arguably exhausted their administrative requirements to sustain this case as a class action. However, plaintiffs also admit that Houser never filed a class administrative complaint or sought to convert her individual administrative complaint into a class-wide claim. See Opp. at 15, 21. To excuse this fundamental failing, plaintiffs contend that the Government "prevented" Houser from pursuing a class administrative complaint, see id. at 21, but this is plainly false. The Government did nothing to prevent or dissuade Houser from following the class action regulation's requirements. She made her own strategic choices. Houser decided initially to file an individual administrative complaint and never converted it to assert class claims. Houser herself (after retaining counsel) decided to cut short the administrative process in April 2010 and file her lawsuit in this Court before Commerce had made a final determination on her individual administrative complaint.

As described in the Moving Brief, federal regulations require applicants for federal employment seeking to pursue class-wide claims of discrimination in district court, first to exhaust such class-wide claims at the administrative level. See 29 C.F.R. §1614.204. In 1977, this requirement was prescribed for the federal employment context, but there is no analogous requirement in the private employment context. See Woodward v. Salazar, _ F. Supp. 2d _, 2010 WL 3087459, at *7 (D.N.M. July 15, 2010). Accordingly, plaintiffs' reliance on several cases in the private employment context, see Opp. at 18, is inapposite. See Woodward, 2010 WL 3087459, at *8 n.9. Plaintiffs have identified only one early and discredited case – Fitzwater v. Veterans Admin., 90 F.R.D. 435 (S.D. Ohio 1981) – that relieved a plaintiff in the federal employment context from administratively exhausting class-wide claims. Since Fitzwater was

decided in 1981, numerous federal courts, including several courts of appeals, have rejected its holding,[2] and have held that an individual administrative complaint is insufficient to exhaust class-wide claims.[3]  Fitzwater, the earliest case and the sole outlier, is plainly not persuasive.[4]  The wording of the federal regulation and the weight of authority require that the present class claims be dismissed.

The Court should reject plaintiffs' attempt to cobble together equitable justifications that purportedly excuse their failure to exhaust any class claims.  See Opp. at 16-19 (asserting that no class administrative complaint should be required of plaintiffs because (1) the EEOC sent a letter of inquiry to Commerce; (2) two administrative complaints were filed at or before the time of Houser's individual administrative complaint from individuals who are not plaintiffs in this litigation; and (3) a number of administrative complaints or informal counselings were initiated, subsequent to Houser's, in an attempt to cure the past failure to exhaust).  None of this hodge-podge presents an equitable consideration that would toll or excuse plaintiffs from complying with the federal regulations and exhausting their administrative remedies before filing a class

---

[2]  Fitzwater does not even control in the district where it was decided.  See McKnight v. Gates, 282 Fed. Appx. 394, 2008 WL 2491626, at *3 (6th Cir. 2008) (holding that individual administrative complaint cannot exhaust administrative remedies for class claims).  Indeed, McKnight is especially instructive because the court rejected exactly the type of argument Houser is making.  The McKnight plaintiffs asserted that their individual administrative complaint satisfied class exhaustion because it alleged "discriminati[on] against a select group of people," but the court rejected that attempt to bypass the class administrative exhaustion requirements.  See id. at *3.

[3]  See Moving Brief at 21-23 (citing cases); see also Gulley v. Orr, 905 F.2d 1383, 1385 (10th Cir. 1990); Woodward, 2010 WL 3087459, at *7-*8 (D.N.M. July 15, 2010) (citing cases).

[4]  Moreover, Fitzwater relied on cases that predated the federal regulation requiring class administrative complaints to be filed to exhaust administrative remedies, and this mistake likely contributed to Fitzwater's atypical holding.  See 90 F.R.D. at 438 (citing Williams v. Tennessee Valley Authority, 552 F.2d 691 (6th Cir. 1977) and explaining that it predated the federal regulation).

action. And plaintiffs present no case law suggesting that grouping inadequate allegations can transform them into a sufficient replacement for what the federal regulatory scheme requires. Even six months after they commenced this action, and despite adding five additional plaintiffs and engaging in extensive discovery, plaintiffs still have failed to cure their lack of exhaustion of administrative remedies.

Plaintiffs boldly mischaracterize the EEOC letter of inquiry submitted to the Government in July 2009. The letter requested information from the Government so that it could evaluate the Census process, and stated that if EEOC determines that Census' practices are not in conformity with Title VII, EEOC would request that such practices be revised. See Miller Decl. Exh. 28 at 4. But EEOC never made such a request. Id. Contrary to plaintiffs' contention, the letter of inquiry does not allege that Census's process was unlawful, and is not "analogous to" an EEOC Commissioner's charge.[5] Indeed, none of the cases plaintiffs cite (see Opp. 16 n.12) supports the claim that the July 2009 EEOC letter of inquiry is "analogous to," or has the effect of, an EEOC Commissioner's charge.

With respect to the two formal administrative complaints filed before or near the time of Houser's, plaintiffs misconstrue their allegations and legal effect. The October 2008 complaint was filed on behalf of an individual, not a class, and the use of the term "disparate impact" relates to the type of Title VII claim being alleged by the individual – not whether the individual was filing a claim on behalf of a class. The language of the complaint makes plain that he was bringing his race and age discrimination claim solely on his own, and seeking damages for

---

[5]  An EEOC Commissioner's charge, pursuant to 42 U.S.C. § 2000e-5(b) and 29 C.F.R. §1601.11, can be filed when the EEOC is "alleging that an employer . . . has engaged in an unlawful employment practice." The United States, however, is excluded from the definition of "employer" by 42 U.S.C. § 2000e(b), and there is no analogous provision governing federal agencies in the applicable federal regulations, see 29 C.F.R. §1614.101, et seq.

himself alone.  See Miller Decl. Exh. 1.  Accordingly, even setting other deficiencies aside, the complainant's administrative complaint is deficient to exhaust any class claims for the same reason as Houser's.  With respect to the second complaint, filed in August 2009, the complainant and Government resolved his individual claims,[6] and he is not a plaintiff in this action.  See Second Supplemental Declaration of Kathryn H. Anderson, dated October 21, 2010 ("Anderson") ¶ 3.  Accordingly, his administrative complaint (even assuming it had been timely and otherwise sufficient to exhaust his administrative remedies under the federal regulations) could not satisfy the exhaustion requirement for Houser and the other plaintiffs because he is not a plaintiff in this action.  See Coghlan v. Peters, 555 F. Supp. 2d 187, 201-02 (D.D.C. 2008) (requiring "at least one plaintiff in a lawsuit" to have timely exhausted) (emphasis in original) (quoting EEOC v. Air Line Pilots Ass'n, 885 F. Supp. 289, 293 (D.D.C. 1995)).

Nor did any of the administrative complaints or informal counselings, initiated subsequent to Houser's, properly exhaust plaintiffs' class action administrative remedies.  First, as even plaintiffs appear to concede, none of these administrative complaints could individually have satisfied the class exhaustion requirement of 29 C.F.R. §1614.204.  See Opp. at 18 (arguing that "collection of all" charges should suffice).  Second, combining multiple deficient administrative complaints cannot satisfy §1614.204,[7] and plaintiffs supply no law to support

---

[6] In addition, while plaintiffs assert that the complainant filed a class administrative complaint, correspondence from his counsel in his EEO file demonstrate that he only sought relief for an "individual claim of discrimination."  See Anderson ¶ 4; Anderson Exh. 2.

[7] Plaintiffs creatively depict the volume of documents that the Government indicated would need to be manually searched to identify the number of pre-complaint counseling events based on racial discrimination regarding the CHEC process.  See Opp. at 19.  However, plaintiffs' descriptions are misleading.  First, contrary to plaintiffs' contention, the Government did not refuse to produce pre-complaint counseling documents.  The parties agreed that they should not be produced under the Court's order.  Subsequently, plaintiffs asked the Government to identify how many pre-complaint counseling events related to the CHEC process, not to produce them.

such an implausible argument. The one case plaintiffs cite, Church v. Consolidated Freightways, Inc., 137 F.R.D. 294, 302-03 (N.D. Cal. 1991), was a lawsuit against a private employer, so the § 1614.204 class exhaustion requirement did not apply. Third, even if any of the subsequent administrative complaints did properly exhaust administrative remedies for a class-wide claim, as they were subsequent to Houser's complaint, they cannot revive her claim in federal court.

Confronted with these deficiencies, plaintiffs contend that equitable considerations should trump the federal regulation, that Title VII's requirements should not be applied technically, and that Census had been put on "notice" of allegations of discrimination. See Opp. 8-9, 20-21. Such contentions do not excuse compliance with exhaustion requirements; as one court noted, "'while preliminary requirements for a Title VII action are to be interpreted in a nontechnical fashion, … the aggrieved person is not permitted to bypass the administrative process.' … The exhaustion of individual administrative remedies by Plaintiffs does not satisfy the exhaustion requirements for a class action suit." Riley v. Potter, No. 08-5167, 2010 WL 125841, at *4 (D.N.J. Jan. 7, 2010) (quoting Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976) and citing Lusardi v. Lechner, 855 F.2d 1062, 1077 (3d Cir. 1988)). This requirement serves not only to provide notice, but also to allow the Government "an opportunity to remedy the problem on an informal basis." Downes v. Adams, No. 81 Civ. 61, 1982 WL 31035 (E.D.N.Y. May 12, 1982). By Houser cutting short the administrative process and not

---

Second, the volume of documents the Government described was not the amount of material related to pre-complaint counseling regarding discriminatory allegations about the CHEC process, but the much larger volume of all pre-complaint counseling materials on any topic concerning the Decennial Census that would need to be manually reviewed to determine which contain any allegations regarding the CHEC process. See Miller Decl. Exh. 24.

raising class claims administratively,[8] and filing the action in this Court instead, she deprived Census of the opportunity to remedy any problem on an informal basis. E.g., Artis v. Greenspan, 158 F.3d 1301, 1306-07 (D.C. Cir. 1998) (affirming dismissal of class action for failure to exhaust administrative remedies because "bare 'notice' of the basis of a complaint during the [administrative] counseling stage is not enough;" plaintiffs failed to provide sufficient information to allow agency to counsel or informally remedy the class claims).

These deficiencies are not overcome by plaintiffs' contentions that several informal counselings have been initiated in the past month and will receive formal administrative review soon, and that "it is simply a matter of time before Plaintiffs will have exhausted class charges in every conceivable factual configuration." See Opp. at 19. Plaintiffs present no rationale or case law support as to why the plaintiffs' future exhaustion could cure the present failure to exhaust administrative remedies.[9] Cf. Coghlan, 555 F. Supp. 2d at 201-02 (rejecting argument that plaintiff can rely on exhaustion by individuals who have no pending lawsuit for plaintiff to join).

---

[8] Contrary to plaintiffs' assertion, see Opp. at 22-25, the Government does not seek to litigate class certification at this time. Instead, the Government simply contends that plaintiffs have failed to exhaust their administrative remedies in order to bring a class action based on Houser's narrow and untimely individual administrative complaint, much less the sweeping class allegations in the Complaint. Such a challenge is proper in a motion to dismiss.

[9] Plaintiffs again attempt to shift blame to the Government for plaintiffs' failure to exhaust their administrative remedies by asserting that Census will put any new administrative claims on hold. See Opp. at 19. However, nothing prevented plaintiffs from exhausting their administrative remedies before filing this action, as required by the federal regulations. Moreover, decisions by the EEOC or Census to hold administrative cases in abeyance for reasons of judicial economy when there is a pending federal class action are consistent with EEOC precedent, are in no way gamesmanship by the Government, and indeed, have been unsuccessfully contested by Commerce in the past. E.g., King v. Gutierrez, EEOC Appeal Doc. 0720060094, 2008 WL 4773221, at *1 (EEOC Oct. 24, 2008). Further, holding administrative cases in abeyance does not nullify the filing of such administrative claims or hinder a complainant's ability to file an action in district court in the future after 180 days have passed. See 29 C.F.R. § 1614.407(b).

### II. Houser's Individual Claims Should Be Dismissed Because She Did Not Timely Exhaust Her Individual Administrative Complaint

As the Government set forth in its Moving Brief, Houser failed to timely contact an EEO counselor within 45 days and therefore did not adequately exhaust her administrative remedies. See Mov. Br. at 9-18. Plaintiffs make two arguments in response: Census waived the timeliness defense, see Opp. at 9-11; and Houser did not have notice of the 45-day time limitation, which should be tolled, see id. at 11-15. Both of these arguments are unavailing.

Houser's waiver argument should fail because, unlike in Briones v. Runyon, 101 F.3d 287, 291 (2d Cir. 1996), Census took no affirmative action to waive the timeliness defense. While Census did not move for reconsideration of the EEOC timeliness determination, such a motion would be futile where it would merely present the same facts to the same tribunal. Moreover, Briones recognizes that when confronted with an adverse timeliness decision, an agency can (1) proceed with an investigation, (2) move for reconsideration, or (3) "refuse[] to proceed." 101 F.3d at 291. In this case, Census was not even given an opportunity to move forward because Houser unilaterally chose to file this action in federal district court, thereby terminating the administrative process. If Census had been permitted to proceed, then it may have uncovered additional facts relating to the 45-day period, including whether Houser was on actual or constructive notice of the time period; or alternatively, Census could have waived the exhaustion defense. A waiver under Briones should only be found when the agency makes a final merits determination, not simply considers whether to initiate an investigation.

With respect to her tolling argument, Houser should be deemed to have had constructive notice of the 45-day time limit based on the totality of the circumstances. First, Houser should have been well aware of the EEO requirements based on her actual employment by Census where she was "involved in hiring," including "interviewing candidates" and "speaking with job

8

applicants on the telephone." See Compl. ¶ 54.  Second, the EEO requirements have been posted on Census' EEO website since Houser applied.  See Mov. Br. at 14.  And third, under Census policy, the facility where Houser took her Census test should have had the poster with the 45-day EEO time limitation prominently displayed in the front of the room.  See USA0252.  Unlike the cases cited by plaintiffs, e.g., Hunt v. Ashcroft, No. 1:99-CV-00223, 2005 WL 927352, at *4 (N.D. Fla. 2005), where the applicant was deemed not to be on constructive notice because she could not be expected to "peruse the personnel bulletin board," here the poster was not buried within a mish-mash of other personnel information, but would have been prominently displayed in the front of the testing room.  Accordingly, Houser has failed to demonstrate that she is entitled to toll the time period to contact an EEO counselor.[10]

### III. None of the Other Plaintiffs Exhausted Their Administrative Remedies and Their Claims Should Be Dismissed

Plaintiffs concede that the other named plaintiffs, "without exhausted charges," can only assert claims in this Court if they are within "the affected group" that was properly exhausted by another plaintiff.  See Opp. at 25-26.  As a threshold matter, because Houser failed to timely exhaust her own individual administrative complaint, she cannot provide the vehicle to piggyback the other plaintiffs and putative class members into Court.  See supra at 8-9; Mov. Br. at 9-18.  Even had Houser exhausted her own claim, plaintiffs' argument that the other plaintiffs are similar enough to be within "the affected group" exhausted by her should be rejected.  As

---

[10] Curiously, plaintiffs also contend that, if Houser was untimely, it is irrelevant because they have uncovered an unidentified Census applicant who should be found timely.  See Opp. at 15. This undeveloped argument should be rejected; the federal exhaustion requirement is not satisfied by an administrative complaint from an unidentified individual, who is not a plaintiff, who has not proven that his or her contact with an EEO counselor and administrative complaint were timely, and whose administrative complaint may not even set forth the same allegations that plaintiffs include in the Complaint.  See Coghlan v. Peters, 555 F. Supp. 2d 187, 201-02 (D.D.C. 2008) (rejecting argument that exhaustion can be satisfied by unidentified individuals who are not plaintiffs in a pending lawsuit that can be joined).

plaintiffs concede, Houser was denied employment because she did not follow directions in the application process, not as a result of Census' adjudication of her past criminal record. See Opp. at 26, n.22.  Accordingly, the other plaintiffs whose applications for employment were declined due to an adjudication of their records – or whose applications for employment were never declined at all – are not encompassed within Houser's "affected group."  In addition, plaintiffs concede that the "identifiable group" which Houser alleged was affected by the Census policies was "African-Americans."  See id. at 26.  Therefore, Houser's purported administrative exhaustion could not provide a vehicle for plaintiffs outside her "affected group," such as Hispanics and Native Americans, to piggyback into this Court.  See Adams v. New York State Educ. Dep't, No. 08 Civ. 5996 (VM) (AJP), 2010 WL 3306910, at *30 (S.D.N.Y. Aug. 23, 2010) (rejecting piggybacking argument by members of different races because they are not "similarly situated" to African-American plaintiff who had exhausted race discrimination claim).

## CONCLUSION

For these reasons, and those raised in the Government's Moving Brief, the Court should grant the Government's motion to dismiss the action in its entirety.

Dated: New York, New York
October 22, 2010

        Respectfully submitted,

        PREET BHARARA
        United States Attorney for the
        Southern District of New York
        Attorney for Defendant

By:   /s/ Daniel P. Filor
        DANIEL P. FILOR
        Assistant United States Attorney
        86 Chambers Street – 3rd Floor
        New York, New York 10007
        Telephone: (212) 637-2726
        Facsimile:  (212) 637-2717