UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENE JOHNSON, EVELYN HOUSER, SANDRA ANDERSON, ANTHONY GONZALEZ, IGNACIO RIESCO, PRECIOUS DANIELS, and FELICIA RICKETT-SAMUELS on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>GARY LOCKE, Secretary, United States Department of Commerce,<br><br>                    Defendant. | 10 Civ. 3105 (FM)<br><br>DECLARATION OF SAMUEL R. MILLER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS |

I, Samuel R. Miller, declare under penalty of perjury as follows that I am Of Counsel at Outten & Golden LLP, attorneys for Plaintiffs and the putative class herein. I am an attorney in good standing admitted to practice in the State of New York and before this Court. I make this declaration in support of Plaintiffs' Opposition to Defendant's Motion to Dismiss.

1. On June 28, 2010, this Court ordered Defendant to produce "all administrative charges of discrimination filed with the Department of Commerce, the Census Bureau or the EEOC, based in whole or in part on the criminal background check process for the 2010 census, and non-privileged communications related thereto."

2. Certain of the documents attached to this declaration were produced by Defendant and stamped confidential. I have spoken with defense counsel, Dan Filor, and we have agreed that the documents can be publicly filed so long as names and other identifying characteristics are redacted. All such individuals are referenced herein by their initials. With the exception of the

named Plaintiffs, I similarly refer to other individuals in this declaration, whose documents also are redacted, who came to Plaintiffs' attention through other means.

3. Defendant has produced an applicant file for an African American man, RE, who filed a formal complaint of class-wide discrimination on October 27, 2008. These documents are Bates numbered USA0826-0830, and true and correct copies of the relevant portions are attached as Exhibit 1 hereto.

4. In August 2009, another African American applicant, KW, filed a formal complaint of class-wide discrimination. These documents are Bates numbered USA0312-0613, and true and correct copies of the relevant portions are attached as Exhibit 2 hereto.

5. In July 2009, an African American applicant, JM, filed a charge of race discrimination against the Department of Commerce and the Census Bureau for the use of criminal records to deny employment. These documents are Bates numbered USA0903-1121, and true and correct copies of the relevant portions are attached as Exhibit 3 hereto.

6. Plaintiff Felicia Rickett-Samuels was rejected by Census based on old convictions and without consideration of her excellent record of rehabilitation, and she filed a formal complaint of discrimination on March 30, 2010. These documents are Bates numbered USA1123-1239, and true and correct copies of the relevant portions are attached as Exhibit 4 hereto. On May 21, 2010, Defendant placed Ms. Rickett-Samuels' complaint into abeyance.

7. On March 31, 2010, JR, who was rejected by Census based on old convictions and without consideration of his excellent record of rehabilitation, filed a formal complaint of discrimination. These documents are Bates numbered USA1244-1349, and true and correct copies of the relevant portions are attached as Exhibit 5 hereto. On May 21, 2010, Defendant placed JR's complaint into abeyance. JR's attorney challenged the abeyance by writing to the

Deputy Director for Decennial Operations, who rejected the request by letter dated September 17, 2010.  The relevant abeyance correspondence is attached as Exhibit 6 hereto.

8. On April 9, 2010, CS, who was rejected by Census based on a single guilty plea to disorderly conduct, filed a formal class complaint pursuant to 29 CFR sec. 1614.204.  These documents are Bates numbered USA1352-1515.  Defendant has placed CS' complaint into abeyance.  The relevant documents are attached as Exhibit 7 hereto.

9. Defendant also has produced an applicant file for an African American woman, EM, who, according to the records, suffered discrimination in Census' criminal background check process on August 25, 2009 based on her race and gender.  She filed a timely complaint of discrimination on October 14, 2009.  On October 28, 2009, the Department of Commerce sent EM a letter notifying her that the Department had 180 days in which to complete and send her a Report of Investigation.  The letter also informed EM that if 180 days were to pass without a Report of Investigation, she would have the option of requesting a hearing with the EEOC, or "[a]lternatively, you may filed a civil action in an appropriate U.S. District Court." (USA0883-84).  The Department specified that the Report "must be completed by April 12, 2010."  In fact, that date passed and EM's file contains no record of her ever being sent or receiving such a Report.  On May 21, 2010, the Department sent EM a letter placing her complaint in abeyance, on the ground that it "comes within the putative class encompassed by the civil action [in Johnson v. Locke]." (USA 0890).  These documents are Bates numbered USA0860-894, and true and correct copies of the relevant portions are attached as Exhibit 8 hereto.

10. RA is an African American woman who filed a formal class complaint against Defendant based on its criminal background policy on April 6, 2010.  On May 19, 2010, Defendant placed RA's complaint into abeyance.  RA's attorney challenged that decision, and the Deputy Director

for Decennial Operations rejected the request by letter dated June 17, 2010.  On June 4, 2010, RA was informed by Census that she was "available for hire," but that at that point in time virtually all jobs had been filled.  RA filed a second amended formal complaint on July 16, 2010.  True and correct copies of the relevant records concerning this applicant are attached as Exhibit 9 hereto.

   11.   On June 18, 2010, MB, and African American applicant, filed a formal complaint of discrimination against Defendant.  On September 9, 2010, Defendant placed MB's complaint into abeyance.  True and correct copies of the relevant records concerning this applicant are attached as Exhibit 10 hereto.

   12.   VK is an African American applicant who filed a formal class complaint on June 24, 2010.  True and correct copies of the relevant records concerning this applicant are attached as Exhibit 11 hereto.

   13.   AM, an African American man, was rejected by Census, and filed an informal charge on March 20, 2010.  On May 3, 2010, AM filed a formal class complaint.  A true and correct copy of the relevant portions of his file are attached as Exhibit 12 hereto.

   14.   SD filed a formal class complaint on May 11, 2010.  A true and correct copy of the relevant portions of her file are attached as Exhibit 13 hereto.

   15.   KJ is African American and filed a formal charge of discrimination.  He was arrested for trespassing in 2009, and the charged were dropped.  After complying with the 30 day letter, he never received a response from Census, and it is now clear that he will not be hired.  Defendant has placed KJ's complaint into abeyance.  A true and correct copy of the relevant portions of his file are attached as Exhibit 14 hereto.

16. RJ is African American and filed a formal charge of discrimination on September 10, 2010. She was hired by Census but subsequently terminated based on her criminal background. A true and correct copy of the relevant portions of her file are attached as Exhibit 15 hereto.

17. I am aware of at least 8 informal charges of class-wide discrimination based on Census' criminal background policy that have been filed in the past month. These individuals are Sandra Anderson, HC, BC, Precious Daniels, Anthony Gonzalez, Eugene Johnson, Ignacio Riesco, and EZ. True and correct copies of the relevant portions of these files are attached as Exhibits 16 through 23 hereto.

18. Following the Court's order granting limited pre-motion discovery, I had a number of conversations and correspondence with defense counsel, Dan Filor, regarding Defendant's production. Defendant has produced the formal complaints in question, but has refused to produce informal complaints of discrimination that have been received by the Census Bureau or the Department of Commerce, on the grounds that such production would be unduly burdensome and that the material is not relevant. However, on behalf of Defendant, Mr. Filor informed me that these informal charges – which are designed to be limited to claims of discrimination by applicants during the hiring process for the 2010 decennial – amount to a stack of documents approximately 148 feet high. Attached hereto as Exhibit 24 is a true and correct copy of the e-mail correspondence dated September 23, 2010 containing this representation.

19. Attached hereto as Exhibits 25 and 26, respectively, are true and correct copies of the following decisions by the EEOC: *Allison v. Potter*, No, 01A04802, 2002 WL 1212248 (EEOC 2002) and EEOC Decision, Case No. 570-2008-00018X, Sept. 30, 2010.

20. Attached hereto as Exhibit 27 is a true and correct copy of a document from the EEOC entitled "Complaints of Class Discrimination in the Fed. Gov't, EEO MD-110, CH. 8" (E.E.O.C. Mgmt. Dir. Sept. 30, 2003).

21. Attached hereto as Exhibit 28 is a true and correct copy of the letter sent July 10, 2009 from the Acting Chair of the EEOC to Defendant Locke and the Acting Director of the U.S. Census Bureau.

22. I declare under penalty of perjury under the laws of New York and the United States that the foregoing is true and correct.

Dated: October 8, 2010
       New York, NY

                                    Respectfully submitted,

                                    **OUTTEN & GOLDEN LLP**


                                    By: /s/ Samuel R. Miller
                                        Samuel R. Miller
                                        3 Park Avenue, 29th Floor
                                        New York, New York 10016
                                        Telephone: 212-245-1000
                                        *Attorneys for Plaintiff and the Putative Class*