UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - - -x
| | |
|---|---|
| EUGENE JOHNSON, EVELYN HOUSER, SANDRA ANDERSON, ANTHONY GONZALEZ, IGNACIO RIESCO, PRECIOUS DANIELS, and FELICIA RICKETT-SAMUELS on behalf of themselves and all others similarly situated, | : : : : : : : |
| Plaintiffs, | :   10 Civ. 3105 (FM) |
| | : |
| - against - | :   ECF Case |
| | : |
| GARY LOCKE, Secretary, United States Department of Commerce, | : : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER

                                                PREET BHARARA
                                                United States Attorney for the
                                                Southern District of New York
                                                86 Chambers Street, Third Floor
                                                New York, New York 10007
                                                Tel:  (212) 637-2726/2746
                                                Fax: (212) 637-2702
                                                Email:  Daniel.filor@usdoj.gov

DANIEL P. FILOR
TARA M. LA MORTE

Assistant United States Attorneys
       -Of Counsel-

Defendant Gary Locke, the Secretary of Commerce for the United States of America ("Census" or the "Government"), by his attorney, Preet Bharara, United States Attorney for the Southern District of New York, answers the First Amended Class Action Complaint ("Complaint") in the above-captioned action on information and belief as follows:

1. Denies the allegations in paragraph 1 of the Complaint, except admits that Census received a letter from the Equal Employment Opportunity Commission ("EEOC"), and refers the Court to the EEOC letter for a full and accurate statement of its contents.

2. Admits the allegations in the first sentence of paragraph 2 of the Complaint. Census denies all other allegations in paragraph 2 of the Complaint.

3. Admits the allegations in the first sentence of paragraph 3 of the Complaint. Census denies the allegations in the second and fifth sentences of paragraph 3 of the Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint.

4. Denies the allegations in paragraph 4 of the Complaint.

5. Denies the allegations in paragraph 5 of the Complaint.

6. Denies the allegations in paragraph 6 of the Complaint.

7. Admits that Census received a letter from the EEOC dated July 10, 2009, but denies all remaining allegations in paragraph 7 of the Complaint.

8. Admits the allegations in paragraph 8 of the Complaint.

9. Denies the allegations in paragraph 9 of the Complaint, except admits that Census should screen applicants that pose a legitimate risk to public safety and data integrity.

10. Admits that temporary employment for the 2010 census included Enumerators, Census Crew Leaders, and Recruiting Assistants, among other positions. Denies all remaining allegations in paragraph 10 of the Complaint.

11. Admits the allegations in the first and second sentences of paragraph 11 of the Complaint. Census denies the rest of the allegations in paragraph 11.

12. Denies the allegations in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form an opinion on the allegations in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14 of the Complaint, but avers that the FBI database is missing some amount of final disposition information. Denies the remaining allegations in paragraph 14 of the Complaint.

15. Admits that plaintiffs' quotations appear in their cited sources. Census denies the rest of the allegations in paragraph 15.

16. Denies the allegations in paragraph 16 of the Complaint.

17. Denies the allegations in paragraph 17 of the Complaint, except that Census admits that plaintiffs' quotations appear in their cited sources.

18. Denies the allegations in paragraph 18 of the Complaint.

19. Admits that the 30-day letter does not identify the criminal activity information found in the FBI database search; denies all remaining allegations in the first sentence of paragraph 19 of the Complaint. Denies the remaining allegations in paragraph 19 of the Complaint.

20. Denies the allegations in paragraph 20 of the Complaint.

21. No response is required for paragraph 21 of the Complaint because this Court dismissed all class allegations in its March 15, 2011 Decision and Order.  To the extent a response is required, denies the allegations in paragraph 21 of the Complaint.

22. Denies the allegations in paragraph 22 of the Complaint, but avers that the detailed specifics of Census's suitability criteria have been kept confidential.

23. Admits the allegations in the second sentence of paragraph 23 of the Complaint.  Census denies the other allegations in paragraph 23 of the Complaint.

24. Denies the allegations in paragraph 24 of the Complaint.

25. Denies the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint, except that Census admits that plaintiffs' quotations appear in their cited sources.

27. Admits the allegations in the first sentence of paragraph 27 of the Complaint.  Census denies the allegations in the second sentence of paragraph 27 of the Complaint.

28. Denies the allegations in paragraph 28 of the Complaint.

29. Admits the allegations in the third sentence of paragraph 29 of the Complaint.  Census denies the allegations in the first and second sentences of paragraph 29 of the Complaint.

30. Denies the allegations in the first and second sentences of paragraph 30 of the Complaint.  Denies knowledge or information sufficient to form an opinion on the other allegations in paragraph 30, except admits that Plaintiffs accurately quoted 42 U.S.C. § 2000e-16(a).

31. Denies the allegations in paragraph 31 of the Complaint.

32. Denies the allegations in paragraph 32 of the Complaint.

33. No response is required for paragraph 33 of the Complaint because this Court dismissed plaintiffs' class allegations in its March 15, 2011 Decision and Order.  To the extent a response is required, Census denies the allegations in paragraph 33 of the Complaint.

34. Admits the allegations in paragraph 34 of the Complaint.

35. Admits that venue is proper solely as to Plaintiff Eugene Johnson; denies the remaining allegations in paragraph 35 of the Complaint.

36. No response is required for paragraph 36 of the Complaint because this Court ruled on the issue of administrative exhaustion in its March 15, 2011 Decision and Order.  To the extent a response is required, Census denies the allegations in paragraph 36 of the Complaint, except admits that Plaintiff Evelyn Houser contacted the Equal Employment Opportunity Office ("EEO Office") on August 10, 2009; that Plaintiff Houser submitted a formal complaint of employment discrimination to the EEO Office dated August 28, 2009; that the EEO Office issued a Final Agency Decision dismissing Plaintiff Houser's complaint of discrimination on September 29, 2009; and that the EEOC issued a decision on January 29, 2010, which provided that Plaintiff Houser had the right to file a civil action in federal district court within 90 days from the receipt of the decision.

37. No response is required for paragraph 37 of the Complaint because this Court ruled on the issue of administrative exhaustion in its March 15, 2011 Decision and Order.  To the extent a response is required, Census denies the allegations in paragraph 37 of the Complaint.

38. No response is required for paragraph 38 of the Complaint because this Court ruled on the issue of administrative exhaustion in its March 15, 2011 Decision and Order.  To the

extent a response is required, Census admits the allegations in paragraph 38 of the Complaint.

39. No response is required for paragraph 39 of the Complaint because this Court ruled on the issue of administrative exhaustion in its March 15, 2011 Decision and Order. To the extent a response is required, Census admits the allegations in paragraph 39 of the Complaint.

40. No response is required for paragraph 40 of the Complaint because this Court ruled on the issue of administrative exhaustion in its March 15, 2011 Decision and Order. To the extent a response is required, Census denies the allegations in paragraph 40 of the Complaint, except that Census admits that plaintiffs' quotations appear in their cited sources.

41. No response is required for paragraph 41 of the Complaint because this Court ruled on the issue of administrative exhaustion in its March 15, 2011 Decision and Order. To the extent a response is required, Census admits the allegations in paragraph 41 of the Complaint.

42. No response is required for paragraph 42 of the Complaint because this Court ruled on the issue of administrative exhaustion in its March 15, 2011 Decision and Order. To the extent a response is required, Census admits that plaintiffs' quotations appear in their cited sources.

43. No response is required for paragraph 43 of the Complaint because this Court ruled on the issue of administrative exhaustion in its March 15, 2011 Decision and Order. To the extent a response is required, Census denies the allegations in the first sentence of

paragraph 43 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the Complaint.

44. No response is required for paragraph 44 of the Complaint because this Court ruled on the issue of administrative exhaustion in its March 15, 2011 Decision and Order.  To the extent a response is required, Census denies the allegations in paragraph 44 of the Complaint, except admits that in August 2009, an African American individual filed a complaint of employment discrimination, and admits that the complaint of employment discrimination is accurately quoted.

45. No response is required for paragraph 45 of the Complaint because this Court ruled on the issue of administrative exhaustion in its March 15, 2011 Decision and Order.  To the extent a response is required, Census admits the allegations in paragraph 45 of the Complaint.

46. No response is required for paragraph 46 of the Complaint because this Court ruled on the issue of administrative exhaustion in its March 15, 2011 Decision and Order.  To the extent a response is required, Census denies the allegations in paragraph 46 of the Complaint.

47. Admits the first sentence in paragraph 47 of the Complaint.  Census denies knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 47 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 49  of the Complaint.

50. Admits Plaintiff Johnson was arrested for assault with intent to cause physical injury, among other charges, in 1995. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 of the Complaint.

51. Admits the first independent clause in the first sentence of paragraph 51 of the Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 51 of the Complaint.

52. Admits that Census sent a letter to Mr. Johnson and avers that letter is accurately quoted in part, as alleged in the first and second sentences of paragraph 52 of the Complaint; denies remaining allegations of the first sentence of paragraph 52. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 53 of the Complaint.

54. Admits the first sentence in paragraph 54 of the Complaint, and avers that Ms. Houser served as an Enumerator in 1990. Denies knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 54 of the Complaint.

55. Admits the first two sentences of paragraph 55 of the Complaint and the fact that Evelyn Houser submitted her fingerprints to the Agency. Denies knowledge or information sufficient to form a belief as to the truth of allegations concerning what Ms. Houser "knew," "believed," or "understood." Census denies all remaining allegations in paragraph 55 of the Complainant.

56. Admits the second, third, and fourth sentences in paragraph 56 of the Complaint. Census denies the first sentence in paragraph 56 of the Complaint, and denies knowledge or

information sufficient to form a belief as to the truth of the final sentence in paragraph 56 of the Complaint.

57. Admits Plaintiff Houser was charged with forgery in 1981, among other charges. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 of the Complaint.

58. Denies the allegations in paragraph 58 of the Complaint.

59. No response is required for paragraph 59 of the Complaint because this Court dismissed all claims of plaintiff Sandra Anderson in its March 15, 2011 Decision and Order.[1]

60. No response is required for paragraph 60 of the Complaint because this Court dismissed all claims of plaintiff Sandra Anderson in its March 15, 2011 Decision and Order.

61. No response is required for paragraph 61 of the Complaint because this Court dismissed all claims of plaintiff Sandra Anderson in its March 15, 2011 Decision and Order.

62. No response is required for paragraph 62 of the Complaint because this Court dismissed all claims of plaintiff Sandra Anderson in its March 15, 2011 Decision and Order.

63. No response is required for paragraph 63 of the Complaint because this Court dismissed all claims of plaintiff Sandra Anderson in its March 15, 2011 Decision and Order.

64. No response is required for paragraph 64 of the Complaint because this Court dismissed all claims of plaintiff Sandra Anderson in its March 15, 2011 Decision and Order.

65. No response is required for paragraph 65 of the Complaint because this Court dismissed all claims of plaintiff Sandra Anderson in its March 15, 2011 Decision and Order.

66. No response is required for paragraph 66 of the Complaint because this Court dismissed all claims of plaintiff Sandra Anderson in its March 15, 2011 Decision and Order.

---

[1] To the extent the Court determines that particularized responses are required as to allegations made in claims that have been dismissed, Census reserves the right and requests leave to amend its Answer to state more particularized responses.

67. No response is required for paragraph 67 of the Complaint because this Court dismissed all claims of plaintiff Sandra Anderson in its March 15, 2011 Decision and Order.

68. No response is required for paragraph 68 of the Complaint because this Court dismissed all claims of plaintiff Sandra Anderson in its March 15, 2011 Decision and Order.

69. No response is required for paragraph 69 of the Complaint because this Court dismissed all claims of plaintiff Felicia Rickett-Samuels in its March 15, 2011 Decision and Order.

70. No response is required for paragraph 70 of the Complaint because this Court dismissed all claims of plaintiff Felicia Rickett-Samuels in its March 15, 2011 Decision and Order.

71. No response is required for paragraph 71 of the Complaint because this Court dismissed all claims of plaintiff Felicia Rickett-Samuels in its March 15, 2011 Decision and Order.

72. No response is required for paragraph 72 of the Complaint because this Court dismissed all claims of plaintiff Felicia Rickett-Samuels in its March 15, 2011 Decision and Order.

73. No response is required for paragraph 73 of the Complaint because this Court dismissed all claims of plaintiff Felicia Rickett-Samuels in its March 15, 2011 Decision and Order.

74. Denies knowledge or information to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

75. Admits that Anthony Gonzalez applied to Census in February 2010, and denies knowledge or information to form a belief as to the truth of the allegations in paragraph 75 of the Complaint.

76. Denies knowledge or information to form a belief as to the truth of the allegations in paragraph 76 of the Complaint.

77. Admits that Census sent a 30-day letter to Plaintiff Gonzalez. Denies knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 77 of the Complaint.

78. Admits that Census did not further correspond with Mr. Gonzalez, but denies the allegations in paragraph 78 of the Complaint.

79. Admits the allegations in the second sentence of paragraph 79 of the Complaint. Census denies knowledge or information to form a belief as to the truth of the allegations in the first and third sentences of paragraph 79 of the Complaint.

80. Denies knowledge or information to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.

81. Denies knowledge or information to form a belief as to the truth of the allegations in paragraph 81 of the Complaint.

82. Denies knowledge or information to form a belief as to the truth of the allegations in paragraph 82 of the Complaint.

83. Denies knowledge or information to form a belief as to the truth of the allegations in paragraph 83 of the Complaint.

84. Denies knowledge or information to form a belief as to the truth of the allegations in paragraph 84 of the Complaint.

85. Denies knowledge or information to form a belief as to the truth of the allegations in the first two sentences of paragraph 85 of the Complaint. Census admits that Ms. Daniels submitted her fingerprints to the Agency, and denies the remaining allegations in paragraph 85 of the Complaint.

86. Denies knowledge or information to form a belief as to the truth of the allegations in paragraph 86 of the Complaint.

87. Denies knowledge or information to form a belief as to the truth of the allegations in paragraph 87 of the Complaint.

88. Denies knowledge or information to form a belief as to the truth of the allegations in paragraph 88 of the Complaint.

89. Census denies that Ignacio Riesco applied for temporary work with Census in March 2010, but admits that Census sent him a 30-day letter in April 2010. Census admits the allegations contained in the second sentence of paragraph 89 in the Complaint. Census denies knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 89 of the Complaint, except admits that it did not send Mr. Riesco additional correspondence.

90. Denies the allegations in paragraph 90 of the Complaint.

91. Admits the allegations in paragraph 91 of the Complaint.

92. Denies the allegations in paragraph 92 of the Complaint.

93. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint.

94. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint.

95. Admits the second sentence in paragraph 95 of the Complaint. Census denies the remaining allegations in paragraph 95 of the Complaint.

96. Denies the allegations in paragraph 96 of the Complaint.

97. Denies the allegations in paragraph 97 of the Complaint.

98. Denies knowledge or information sufficient to form a belief as to the truth of the first, second, fourth, and fifth sentences, and footnote, in paragraph 98 of the Complaint. Census admits the third sentence in paragraph 98 of the Complaint. Census denies all other allegations in paragraph 98 of the Complaint.

99. Denies the allegations in the first and third sentences of paragraph 99 of the Complaint, and denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 99 of the Complaint.

100. Denies the allegations in paragraph 100 of the Complaint.

101. Denies the allegations in the first, second, and third sentences in paragraph 101 of the Complaint, and denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 101 of the Complaint. Additionally, plaintiffs mischaracterize the Department of Justice provision.[2]

102. Admits the first sentence in paragraph 102 of the Complaint. Census denies the other allegations in paragraph 102.

103. Denies the allegations in the first sentence in paragraph 103 of the Complaint, and denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 103 of the Complaint.

104. Admits the first sentence in paragraph 104 of the Complaint. Census denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 104 of the Complaint.

---

[2] The cited provision reads: "Criminal history record information means information collected by criminal justice agencies on individuals consisting of identifiable descriptions and notations of arrests, detentions, indictments, informations, or other formal criminal charges, and any disposition arising therefrom, including acquittal, sentencing, correctional supervision, and release. The term does not include identification information such as fingerprint records if such information does not indicate the individual's involvement with the criminal justice system." 29 C.F.R. § 20.3(d).

105. Denies the allegations in paragraph 105 of the Complaint.

106. Denies the allegations in paragraph 106 of the Complaint.

107. Denies the allegations in paragraph 107 of the Complaint.

108. Denies the allegations in paragraph 108 of the Complaint.

109. Denies the allegations in paragraph 109 of the Complaint.

110. Denies the allegations in paragraph 110 of the Complaint, and avers that Census uses the adjudication criteria for office clerks and Enumerators.

111. Denies the allegations in paragraph 111 of the Complaint.  The other subsections of paragraph 111, §§ 111(1)-(4), constitute part of plaintiffs' assertion of a purportedly less discriminatory alternative and do not require a response; to the extent a response is required, Census denies the allegations in subsections 111(1)-(4) of the Complaint.

112. No response is required for paragraph 112 of the Complaint because this Court dismissed all class allegations in its March 15, 2011 Decision and Order.  To the extent a response is required, Census denies the allegations in paragraph 112 of the Complaint.

113. No response is required for paragraph 113 of the Complaint because this Court dismissed all class allegations in its March 15, 2011 Decision and Order.

114. No response is required for paragraph 114 of the Complaint because this Court dismissed all class allegations in its March 15, 2011 Decision and Order.

115. No response is required for paragraph 115 of the Complaint because this Court dismissed all class allegations in its March 15, 2011 Decision and Order.

116. No response is required for paragraph 116 of the Complaint because this Court dismissed all class allegations in its March 15, 2011 Decision and Order.

117. No response is required for paragraph 117 of the Complaint because this Court dismissed all class allegations in its March 15, 2011 Decision and Order.

118. No response is required for paragraph 118 of the Complaint because this Court dismissed all class allegations in its March 15, 2011 Decision and Order.

119. Paragraph 119 incorporates previous paragraphs, and no response is required; to the extent a response is required, Census incorporates by reference the responses contained in all preceding paragraphs.

120. Denies the allegations in paragraph 120 in the Complaint.

121. Denies the allegations in paragraph 121 in the Complaint.

122. Denies the allegations in paragraph 122 in the Complaint.

123. Denies the allegations in paragraph 123 in the Complaint.

124. Denies the allegations in paragraph 124 in the Complaint.

125. Paragraphs 125-135 constitute plaintiffs' prayer for relief and no response is required; to the extent a response is required, Census denies the allegations in paragraphs 125-135 of the Complaint.

## **DEFENSES**

Defense 1. Plaintiffs failed to timely exhaust their administrative remedies.

Defense 2. The Complaint must be dismissed in whole or in part for failure to comply with the applicable statutes of limitation.

Defense 3. The Census's policies, and the application of those policies, were job-related and consistent with business necessity.

Defense 4. Pursuant to 42 U.S.C. § 2000e-5, any claim for back pay is to be reduced by the amount of earnings that each plaintiff has received in the interim.

Defense 5. Pursuant to 42 U.S.C. § 2000e-5, any claim for back pay is to be reduced to the extent that each plaintiff failed to search for alternative employment with reasonable diligence.

Defense 6. Pursuant to 42 U.S.C. § 1981a, each plaintiff may not recover in excess of $300,000 for any claim for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

Defense 7. Plaintiffs have failed to mitigate damages.

Defense 8. Venue is improper in this District regarding the claims of one or more Plaintiffs.

Defense 9. Census reserves the right to assert additional affirmative defenses as they may become evident through discovery.

WHEREFORE, Census demands judgment dismissing the Complaint and granting such further relief as this Court deems proper, including costs and disbursements.

Dated: New York, New York
       March 29, 2011

        PREET BHARARA
        United States Attorney
        Attorney for Defendant

By: */s/ Tara M. La Morte*
    DANIEL P. FILOR
    TARA M. LA MORTE
    Assistant United States Attorneys
    Tel:  (212) 637-2726/2746
    Fax: (212) 637-2702
    Email:  Daniel.Filor@usdoj.gov

OF COUNSEL:

FRANK M. WALSH
Agency Representative
Employment and Labor Law Division
Office of the General Counsel
U.S. Department of Commerce
4600 Silver Hill Road
Washington, DC 20233
Tel:  (301) 763-2918