# Exhibit O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY GONZALEZ, PRECIOUS DANIELS, ALEXIS MATEO, FELICIA RICKETT-SAMUELS, CHYNELL SCOTT, SCOTTY DESPHY, and EDWARD ZAHNLE, on behalf of themselves and all others similarly situated, and CEPHUS HOUSER as the Trustee for the Trust Agreement of EVELYN HOUSER, individually,<br><br>                        Plaintiffs,<br>    -against-<br><br>PENNY PRITZKER, Secretary, United States Department of Commerce,<br>                        Defendant. | CIVIL ACTION NO.<br>10-CV-3105 (FM) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTIONS FOR FINAL APPROVAL OF SETTLEMENT AND CERTIFICATION FOR DAMAGES OF THE SETTLEMENT CLASS, ATTORNEYS' FEES AND COSTS, AND SERVICE AWARDS**

The above-entitled matter came before the Court on Plaintiffs' Unopposed Motion for Final Approval of Settlement and Certification for Damages of the Settlement Class, Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs, and Plaintiffs' Unopposed Motion for Class Representative Service Awards ("Motions for Final Approval"). This Court granted class certification on July 1, 2014, pursuant to Rule 23(b)(2) for purposes of liability for African-American applicants who sought temporary employment during the 2010 decennial census and claim to have been harmed by Defendant's 30-day Letter, its criminal history adjudication criteria, or both. This Court amended that Order on October 2, 2014, to include all Latino applicants who sought temporary employment during the 2010 decennial census and claim to have been harmed by Defendant's 30-day Letter, its criminal history adjudication criteria, or both.

On April 22, 2016, the Court entered an Order preliminarily approving the settlement and authorizing notice to the class. ECF No. 352. Plaintiffs' proposed notice was mailed on May 13, 2016. The Court held a fairness hearing on September 19, 2016 at 10:00. Having considered the

Motions for Final Approval, the supporting declarations, the arguments presented at the September 19, 2016 fairness hearing, and the complete record in this matter, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

I. **JURISDICTION**

This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation, including all members of the Settlement Class, as defined below.

As used below, "Defendant" means Penny Pritzker, Secretary of the United States Department of Commerce, in her official capacity, or her successor, and the U.S. Census Bureau.

II. **NO DETERMINATION**

This Court hereby decrees that neither the Settlement Agreement, nor this Final Approval Order, nor the fact of a settlement, are an admission or concession by Defendant of any liability or wrongdoing.

III. **CERTIFICATION OF SETTLEMENT CLASS**

1. On April 22, 2016, the Court preliminarily certified the Settlement Class for Damages under Rules 23(b)(3) of the Federal Rules of Civil Procedure. ECF No. 352. The Court now grants final certification as the requirements pursuant to Rule 23 have been met.

2. Plaintiffs allege that Defendant denied them and hundreds of thousands of other African-American and Latino applicants the opportunity to fairly compete for temporary employment positions with the 2010 Decennial Census based on the criminal background check screening process used by the Census Bureau in violation of Title VII of the Civil Rights Act of 1964.

3. Pursuant to FRCP 23(b)(2) and 23(b)(3), the Court certifies the following Settlement Class: for purposes of the programmatic and class member relief provided in the Settlement Agreement, a nationwide class certified under Federal Rules of Civil Procedure 23(a) and 23(b)(3)

comprised of all African-American and Latino applicants who sought temporary employment during the 2010 decennial census and claim to have been harmed by Census's 30-day Letter, its Adjudication Criteria, or both (the "Settlement Class").

    4.    The Court hereby FINDS and CONCLUDES that, for purposes of this settlement, the Settlement Class set forth above satisfies all of the requirements for certification under Rule 23(a) and Rule 23(b)(3). There are hundreds of thousands of Settlement Class Members, satisfying the numerosity requirement. Named Plaintiffs are typical and adequate representatives of the Settlement Class they seek to represent because their interests are co-extensive with those of Settlement Class Members and they have retained experienced counsel to represent them. Plaintiffs raise common questions, and the Settlement Class satisfies the predominance and superiority requirements for certification under Rule 23(b)(3) for settlement class purposes.

    The Court CERTIFIES the Settlement Class under Rules 23(a) and 23(b)(3).

## IV.    THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE.

    5.    FRCP 23(e) requires court approval for a class action settlement to ensure that it is procedurally and substantively fair, reasonable and adequate. Fed. R. Civ. P. 23(e).

    6.    The Court hereby finally approves the Settlement as set forth in the Settlement Agreement. The Court has reviewed the terms of the proposed Settlement Agreement along with its exhibits, including specifically the programmatic and class member relief, and Plaintiffs' Motions for Final Approval.

    7.    Based on a review of those papers and the Court's familiarity with the case, the Court concludes that the Settlement is the result of extensive, arm's-length negotiations and is in all respects, fair, reasonable, and adequate. *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *Duling v. Gristede's Operating Corp.*, 267 F.R.D. 86, 99 (S.D.N.Y. 2010); *Capsolas v. Pasta Res., Inc.*, No. 10 Civ. 5595, 2012 WL 1656920, at *1 (S.D.N.Y. May

9, 2012).  The programmatic and class member relief are meaningful, especially when weighed against the risks of ongoing litigation.

8. The parties have agreed to the tailored programmatic relief as set forth in the Settlement Agreement and accompanying Scope of Work document.  The parties have jointly selected Industrial Organizational Psychologists ("IOs") to work as independent consultants to Defendant relative to the selection and hiring of temporary employees for the 2020 decennial census.  The IOs will work together, in consultation with Defendant, to develop a recommended validated structure and selection process for the hiring of temporary employees for various operations of the 2020 decennial census.

9. The parties have also agreed to individualized class member relief, as set forth in the Settlement Agreement.  Settlement Class Members will choose between two forms of class member relief: Class A Filers or Class B Filers.  Class Members who wish to resolve issues associated with their criminal history records will have the option to work with a Records Assistance Project ("Group A Filers") to receive individualized education and services directed at minimizing the effect of criminal records on employment opportunities.  Ex. A (Settlement Agreement) ¶ 3.3(A).  The costs and expenses for this project come from the settlement fund, which allocates Five Million Dollars ($5,000,000.00) to fund the Records Assistance Project and class representative Service Awards approved by the Court.  Class Members who do not request assistance with their criminal history records and instead seek employment opportunities with Census, will receive early notice of the hiring for temporary jobs for the 2020 decennial census ("Group B Filers").  The parties agree to work together to provide meaningful early notice that will assist Group B Filers in pursuing temporary job opportunities for the 2020 decennial hiring, including information about the criminal background check process.

10.     The settlement is procedurally and substantively fair, reasonable, adequate, and is not a product of collusion.  *See* Fed. R. Civ. P. 23(e); *Reyes v. Altamarea Group LLC*, No. 10 Civ. 6451, 2011 WL 4599822, at *4 (S.D.N.Y. Aug. 16, 2011); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462-63 (2d Cir. 1974).  The assistance of an experienced mediator in the settlement process also confirms that the settlement is not collusive.

11.     The Settlement Fund constitutes the total settlement cash outlay by Defendant in connection with the resolution of this Action.  No other money shall be separately paid by Defendant in connection with this settlement, except certain implementation costs of the programmatic relief, such as the IOs' compensation, as outlined in the Settlement Agreement.

12.     The Settlement Fund is inclusive of payment for: (a) all amounts paid to satisfy the class member relief, including the Records Clearance Project; (b) all amounts paid to Named Plaintiffs for Court-Approved Service Awards; (c) all attorneys' fees and costs awarded by the Court, including those in connection with securing Court Approval of the settlement and the claims process and the monitoring by Class Counsel of the Settlement Agreement; (d) all costs in connection with the Settlement Fund including, but not limited to, those related to investing and liquidating the Settlement Fund; and (e) the settlement administrator's fees and costs.  The Settlement Fund does not include the costs of the programmatic relief, which costs will be borne by Defendant directly.

13.     Having considered the strengths and weaknesses of the Plaintiffs' case versus the benefits of the Settlement; the likely complexity, length, and expense of further litigation; the limited opposition to the Settlement among the Settlement Class; the opinion of competent counsel, and the substantial amount of discovery and litigation already undertaken, the Court finds that the Settlement is fair, reasonable, and adequate, and well within the range of other settlements that have obtained final approval by federal courts.

14. The Court further finds that the response of the Settlement Class Members to the Settlement Agreement supports approval of the Settlement. As of the date of this Order, only sixteen individuals have opted out of the Settlement. This is approximately .004% of the Settlement Class. This is in contrast to the high number of the Settlement Class Members who already have filed Claim Forms (5,808). The individuals who have opted-out are listed in Exhibit A to this Order.

15. The Court has considered the objections to the Settlement that were not withdrawn, and overrules all such objections on the bases that: (a) for settlement purposes, Rules 23(a)(2)-(4) are satisfied; (b) the programmatic relief is fair, reasonable, and adequate; and (c) the class member relief, namely the Records Assistance Project and the advance notice of hiring, are fair, reasonable, and adequate.

16. The Court finds that the Notice effectuated was the best practicable notice under the circumstances, and was accomplished in all material respects, as set forth in the Declaration of Abigail Schwartz on behalf of the Claims Administrator, Rust Consulting, Inc..

17. The Notice provided adequate notice of these proceedings and the Settlement Agreement to all parties entitled to such notice. The distribution of the Notice fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of constitutional due process and any other applicable law.

18. The Notice also included the exact amount of the requested service awards for the Named Plaintiffs. No member of the Settlement Class filed any objection to the service awards, which the Court takes as an indication that the Settlement Class values the efforts of the Named Plaintiffs on behalf of the class. Accordingly, the Court approves service awards of $10,000.00 to each of the ten Named Plaintiffs.

The Settlement is hereby APPROVED and incorporated herein and shall become effective according to its terms.

## V. RELEASE AND DISMISSAL OF CLAIMS WITH PREJUDICE.

19. Upon the Effective Date of the Settlement, each Settlement Class Member who has not excluded him or herself will release the Defendant from all claims that were brought or could have been brought during the class period. The Settlement Class Members release Census from all claims arising from or relating to the hiring and employment eligibility procedures for the 2010 decennial census, including but not limited to the claims and facts alleged in the operative complaint and the underlying EEOC charges, as well as claims against Census for attorneys' fees and costs.

## VI. AWARD OF ATTORNEYS' FEES AND COSTS

20. The Court awards Class Counsel an award of $8,327,088.00 in fees and $1,672,912.00 in costs for their efforts in support of this litigation.

21. Class Counsel engaged considerable resources in the prosecution of this case over the course of approximately six years.

22. Class Counsel are nationally recognized employment class action litigators. *See, e.g., Aros v. United Rentals, Inc.*, Nos. 10 Civ. 73, 11 Civ. 1281, 11 Civ. 1282, 11 Civ. 1283, 11 Civ. 1284, 11 Civ. 1285, 2012 WL 3060470, at *6 (D. Conn. July 26, 2012) (the attorneys of "Outten & Golden LLP . . . are experienced employment lawyers with good reputations among the employment law bar. They have prosecuted and favorably settled many employment law class actions."); *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819, No. 04 Civ. 2295, 2009 WL 5841128, at *3 (S.D.N.Y. July 27, 2009) (noting that Outten & Golden "has substantial experience prosecuting and settling employment class actions").

test
test

23.     Outten & Golden's resources played a significant role in Plaintiffs' counsel's ability to pursue this litigation without compensation over the past six years. *See Heng Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048, 2007 WL 1373118, at *3-6 (S.D.N.Y. May 8, 2007) (higher rates where firm overhead benefitted plaintiffs); *Tatum v. City of New York*, No. 06 Civ. 4290, 2010 WL 334975, at *4 (S.D.N.Y. Jan. 28, 2010) ("the size of the firm may also be considered as a factor" in determining rates).

24.     The nonprofit Class Counsel were also important advocates in the prosecution of this case. Together, Class Counsel's skills, experience, and resources contributed to the successful prosecution of this six-year litigation effort.

25.     Although Class Counsel had no guarantee of any compensation in pursuing this litigation, and has worked without compensation for six years, they achieved substantial success in litigation the claims on behalf of the class.

26.     The award to Class Counsel of $8,327,088.00 in fees is approximately $1,206,700.56 less than their total loadstar as of August 3, 2016, and does not include all the work that Class Counsel has done since August 3, 2016, or will do in the future.

27.     In light of the above, the award of $8,327,088.00 in fees and $1,672,912.00 in costs is a reasonable award.

## VII.   SERVICE AWARDS TO NAMED PLAINTIFFS

28.     The Court finds that a service award of $10,000 to each Named Plaintiff Anthony Gonzalez, Ignacio Riesco, Precious Daniels, Alexis Mateo, Felicia Rickett-Samuels, Chynell Scott, Vivian Kargbo, Scotty Desphy, Edward Zahnle, and Cephus Houser (as the Trustee for the Trust Agreement of Evelyn Houser), is reasonable.

29.     Service awards are common in class action cases and serve to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a named plaintiff, and any other burdens sustained by the plaintiffs. *See Reyes v. Altamarea Group LLC*, No. 10 Civ. 6451, 2011 WL 4599822, at *9 (S.D.N.Y. Aug. 16, 2011).

### VIII.    FINAL APPROVAL OF SETTLEMENT

30.     Without affecting the finality of this Settlement Order and Final Judgment, the Court retains continuing jurisdiction over: (a) implementation of the Settlement Agreement and programmatic relief contemplated by the Settlement Agreement, until all acts agreed to be performed pursuant to the Settlement Agreement have been performed; and (b) all parties to this action and Settlement Class Members for the purpose of enforcing and administering the Settlement Agreement.

31.     This Court hereby dismisses this action with prejudice as to all Settlement Class Members.  By operation of this Order, all released claims of Settlement Class Members and Named Plaintiffs are fully, finally and forever released, relinquished and discharged pursuant to the terms of the Settlement Agreement, other than the individuals listed in Exhibit A, attached hereto, which sets forth the names of those individuals who have timely and properly excluded themselves from the Settlement Class.  The Court has reviewed the release provisions in the Settlement Agreement and finds the releases to be fair, reasonable and enforceable under applicable law.  All claims released pursuant to the Settlement Agreement are dismissed with prejudice as to all Settlement Class Members other than the individuals listed in Exhibit A to this Order.

32. This Order and the Settlement Agreement are binding on all Settlement Class Members, other than the individuals listed in Exhibit A to this Order. Neither the Settlement Agreement nor this Order nor the fact of a settlement are an admission or concession by Defendant or of any liability or wrongdoing whatsoever, or a finding by this Court as to the merits of any claim or defense asserted or that could have been asserted in this Action.

33. As of the Effective Date of the Settlement, the action shall automatically be dismissed with prejudice, except that the Court will retain continuing jurisdiction as set forth in paragraph 30 above.

It is so ORDERED this ____ day of _____, 2016.

                                                Honorable Frank Maas
                                                United States Magistrate Judge